Bruce A. COANE, Plaintiff–Appellant,

v.

FERRARA PAN CANDY COMPANY,
Defendant/Third–Party
Plaintiff–Appellee,

v.

THREE BROTHERS BAKERY, INC.,
Third–Party Defendant.

No. 89–2527.

United States Court of Appeals,
Fifth Circuit.

April 24, 1990.

Mary Ann French, Houston, Tex., for plaintiff-appellant.

Terri Lynn Barziza, Houston, Tex., for defendant/third-party plaintiff-appellee.

Law Offices of Howard W. Kaffenberger, Michael R. Ross, Houston, Tex., for Three Bros. Bakery.

Before POLITZ, KING, and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Bruce A. Coane, a practicing attorney, appeals the orders of the district court which dismissed his personal injury suit and imposed monetary sanctions. Finding that Coane's conduct before the trial court warranted the sanctions imposed, we affirm. In addition, we sanction Coane for taking a totally frivolous appeal.

## Background

Coane allegedly broke a tooth when he bit into a nonpareil on a cookie purchased from Three Brothers Bakery. The nonpareil was made by Ferrara Pan Candy Company. Coane sued Three Brothers in state court and settled that claim for $3,500. On December 30, 1986 he brought the instant diversity suit against Ferrara, seeking recovery for dental expenses, lost wages and pain and suffering. In these proceedings Coane has been represented by a succession of attorneys from his law office.

The progress of this litigation was stalled by discovery disputes. In December 1987 Ferrara served interrogatories on Coane and sought production of his income tax returns. Coane failed to respond. On March 16, 1988 the magistrate to whom a motion to compel Coane's response had been referred ordered Coane to produce his tax returns for the years 1982–86, and extended the discovery cutoff date to April 22, 1988. Coane again failed to respond, triggering the filing of a second motion to compel.

At a hearing on April 27, 1988, the trial court granted Ferrara's second motion to compel and ordered Coane to answer the interrogatories by May 7, 1988 and to produce his tax returns forthwith for an *in camera* review. The court sanctioned Coane by awarding Ferrara a portion of its legal expenses incurred in connection with the motions to compel and a motion to dismiss. The latter was based on what Coane had erroneously represented to be a copy of his settlement agreement with Three Brothers. Coane was ordered to pay Ferrara the sum of $1,820. We designate this as the May sanctions.

Coane did not comply with the May 7, 1988 deadline for answering the interrogatories, filing only interim handwritten answers on May 20. He never produced his tax returns or his final answers to the interrogatories but, instead, moved to dismiss his complaint without prejudice. At a

hearing on August 31, 1988 the district court dismissed Coane's complaint, retaining jurisdiction to consider further sanctions and admonishing Coane that his privilege to practice before the Southern District of Texas would be in jeopardy if he did not, within 30 days, pay Ferrara the sum ordered as a sanction in May.

The sanction order of the court was disregarded. Coane refiled his claim in state court and the paper blizzard intensified, including Ferrara's efforts to collect the May sanctions, which Coane did not pay until mid-December, and to collect an additional award of attorney's fees, plus a dispute as to whether the August 31 dismissal was with or without prejudice.

Another hearing was conducted on April 20, 1989. At its conclusion the district court entered a final order dismissing the complaint with prejudice, assessing Coane $2,500 in costs and granting Ferrara attorney's fees in the amount of $4,864. Coane timely appealed.

## Analysis

### 1. May 1988 Sanctions

■ We first address the May 1988 award of attorney's fees for Coane's failure to answer the interrogatories and for producing an incorrect version of the release he gave to Three Brothers Bakery. In exercising our appellate function, we review the imposition of Fed.R.Civ.P. 37 sanctions under an abuse of discretion standard, *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511 (5th Cir.1985). The record before us discloses no abuse of discretion.

The award of attorney's fees incurred in connection with Ferrara's motion to compel is authorized by Rule 37(a)(4). The award of fees resulting from Coane's production of the incorrect release is permitted by Rule 37(d), which provides for sanctions for discovery abuses in cases where no prior discovery order has issued.[1] Contrary to Coane's contentions, the district court's

---

1. Rule 37(d) addresses sanctions for failing to answer interrogatories or to respond to requests for production. It has been interpreted to encompass responses which are evasive or mis-

leading. *Basch v. Westinghouse Electric Corp.*, 777 F.2d 165 (4th Cir.1985), *cert. denied,* 476 U.S. 1108, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986).

finding that the production of the incorrect release was a mere mistake does not preclude sanctions.

In response to Ferrara's request, Coane produced a copy of a release in which he relinquished all further actions against Three Brothers, and those in privity with it, relative to his tooth injury. Asserting privity with the bakery, Ferrara moved to dismiss. Ferrara later discovered that the release which actually was executed contained a proviso preserving actions against the manufacturer. Ferrara promptly advised the court accordingly. The district court concluded that Coane's error was not intentional because the executed version of the release had less of a negative impact on his case than the unexecuted release. The court also found, however, that the mistake was inexcusable.

This finding is sufficient to bring Coane's misconduct within the scope of Rule 37(d). A failure to provide discovery need not be willful in order to trigger Rule 37(d) sanctions. "[I]n view of the possibility of light sanctions, even a negligent failure should come within Rule 37(d)." Fed.R.Civ.P. 37, Advisory Committee Notes to 1970 Amendment; *see also Basch v. Westinghouse Electric Corp.*, 777 F.2d 165 (4th Cir.1985), *cert. denied*, 476 U.S. 1108, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986). As an attorney Coane had to be aware of the modification of the earlier version of his release, and cognizant of its critical relevance to the instant action. He alone should bear the costs directly resulting from his cavalier attitude toward the release he provided to Ferrara. The May sanction award of $1,820 in attorney's fees is affirmed.

### 2. *April 1989 Sanctions*

The second award of sanctions consisted of a dismissal with prejudice, a grant of attorney's fees, and taxation of costs. Coane maintains that the order was imprecise, there was no legal or factual basis for dismissal with prejudice, and the attorney's fees awarded were excessive. We are not persuaded.

■ At the threshold we emphasize that the court dismissed Coane's suit as a sanc-

tion for his conduct of the litigation, not, as Coane suggests, because his claim failed to meet the jurisdictional *ad damnum*. The court cited several sources of authority for its decision, including Rules 37 and 41 of the Federal Rules of Civil Procedure, and its inherent power. It further explained in detail the principal bases for the sanctions: Coane's refusal to obey the court's May 1988 orders to produce his tax returns and to pay the earlier attorney fee award. Thus, unlike *Mylett v. Jeane*, 879 F.2d 1272 (5th Cir.1989), on which Coane relies, we have before us a record adequately reflecting the court's findings and rationale for the sanctions imposed. *Cf. Roland v. Salem Contract Carriers*, 811 F.2d 1175 (7th Cir.1987) (dismissal affirmed where district court cited both Rules 37 and 41). We perceive neither error nor abuse of discretion in the court's application of Rule 37.

■ Rule 37(b)(2)(C) authorizes dismissal with prejudice when a party refuses to obey a discovery order. *Batson*. Because of the severity of this sanction, dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct. In the ordinary case there is another requirement, not applicable herein, that the conduct be attributable to the client rather than the attorney. Here those two meld into one. Further, the misconduct must substantially prejudice the opposing party and a lesser sanction must be an inefficacious deterrent. *Id., Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744 (5th Cir.1987). However,

> the most severe in the spectrum of sanctions provided by statute or rule *must* be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (emphasis

added). The case at bar is an appropriate case for sanctions.[2]

Coane's handling of this personal litigation amply evidences bad faith and a pattern of contumacious conduct which prevented his opponent's timely and appropriate preparation for trial and, as the district court noted, caused this minor personal injury dispute to spiral to "ridiculous proportions." Moreover, this conduct must be attributed personally to Coane who was not only the client but also the one responsible for the actions of the several attorneys from his law firm whom he directed into the fray. Coane stonewalled the production of his income tax returns, ignoring the orders of the magistrate and the district court. Finally, rather than produce the returns and fully answer the interrogatories he sought to dismiss his suit without prejudice. As an attorney experienced in personal injury litigation Coane had to know that a claim for lost wages opened the door for the production of his tax returns. His opting to seek dismissal of his suit without prejudice, rather than to produce the returns, followed by the prompt refiling in state court, suggests unprofessional and improper motives.

Coane's refusal to pay the May 1988 sanctions until December 1988 without a credible explanation underscores his attitude toward the court and the inefficacy of any lesser sanctions.

■ Coane's handling of this litigation is unworthy of an attorney. Coane is an officer of the court. As such he must be aware of the burgeoning court dockets at the trial and appellate levels, both state and federal. The courts are inundated with both meritorious and unmeritorious cases. The discovery rules are designed to aid in the expedient flow of litigation so that meritorious disputes may be heard and resolved in a reasonable period of time and at a reasonable cost to the parties. It is not acceptable for a party to attempt to use the judicial system to punish financially or to harass an opponent in order to gain an unfair advantage in litigation. It is geometrically more serious and absolutely unacceptable for an attorney, who happens to be a party to a suit, to do so by ignoring specific court orders. By doing so Coane puts in jeopardy his privilege of practicing before the federal trial and appellate courts of this circuit. We caution Coane that a repeat of the conduct demonstrated in this case likely will bring to bear the full panoply of sanctions available to this court.

Finally, a review of the filings by Ferrara's attorney reflects neither error by the trial court nor abuse of its discretion in setting the attorney's fees at $4,864. That award represents only a portion of the fees occasioned by Coane's acts of commission and omission.

### 3. *Motion to Recuse*

At the eleventh hour, just before the court awarded the second round of sanctions, Coane moved to recuse the trial judge. On appeal Coane maintains that his motion was wrongfully denied. We address this frivolous argument only to remind Coane of his responsibilities as an attorney, obviously woefully ignored in the course of this lawsuit.

■ Pointing to several instances in which the court noted that he was a lawyer, Coane complains that the trial judge held him to a higher standard of conduct than the ordinary litigant. We find entirely appropriate the court's expectations of a heightened standard of conduct by a litigant who is also an attorney. We applaud that decision.

Case after case can be cited in support of the general proposition that, as officers of the court, attorneys owe a duty to the court that far exceeds that of lay citizens. Judge, later Justice, Cardozo, a leading and much-quoted articulator of

---

**2.** We review the dismissal herein under Rule 37 because the misconduct occurred in the course of discovery disputes. *Societe Internationale Pour Participations Industrielles v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). Alternatively, dismissal with prejudice was war-

ranted under Rule 41(b). *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399 (5th Cir.1985). The trial court satisfied the Rule 41(b) requirement that its order address the inefficacy of lesser sanctions by its discussion of the fate of its May 1988 order awarding attorney's fees.

this duty, said that "like the court itself, [the lawyer is] an instrument or agency to advance the ends of justice".... The Supreme Court has expressed this obligation in similar language in describing attorneys as "assistants to the court in search of a just solution to disputes." *Howell v. State Bar of Texas*, 843 F.2d 205, 207 (5th Cir.), *cert. denied,* ── U.S. ──, 109 S.Ct. 531, 102 L.Ed.2d 563 (1988) (citations omitted). Coane's obstructive and contumacious conduct in the course of this lawsuit was a stark deviation from this guidon. Like any litigant, Coane was entitled to his day in court. But he was not entitled to use his special skills and knowledge as an attorney to manuever this suit to his advantage, and to defy the orders of the court designed to advance its resolution. Coane's motion for recusal was groundless and its rejection was proper.

### 4. *Sanctions for Appeal*

■ Ferrara seeks attorney's fees and expenses incurred in connection with this appeal. Finding Coane's appeal frivolous we agree that sanctions are in order.

"An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir.1988). It is entirely obvious that the district court did not abuse its discretion either in its dismissal with prejudice or its award of attorney's fees. Coane's efforts to justify his misconduct taxes our credulity. One example suffices. Coane insists that he failed to answer Ferrara's interrogatories by the April 22 discovery cutoff date because he had destroyed a part of his file, believing his case settled. On closer examination, however, it develops that the settlement negotiations to which Coane refers did not occur until sometime after April 27.

At oral argument we directed Ferrara's counsel to file an affidavit setting forth attorney's fees and expenses resulting from this appeal. We afforded Coane an opportunity to respond. Ferrara's attorney filed an affidavit; Coane has not responded. As a sanction for a frivolous appeal we order Coane to pay Ferrara $6,921.80, representing a portion of its costs and expenses on this appeal.

The judgment of the district court is AFFIRMED.