### Fred STARLING and Bonnie Starling, Plaintiffs,

### v.

### Charles FULLER, et al., Defendants.

### Civ. No. A89CA153.

United States District Court,
W.D. Texas,
Austin Division.

Nov. 24, 1992.

Marceline L. Lasater, Austin, TX, for plaintiffs.

James Ludlum, Jr., Ludlum & Ludlum, Jan Powell Patterson, Johnson & Swanson, Austin, TX, for defendants.

James Ludlum, Jr., Ludlum & Ludlum, Patton G. Lochridge, McGinnis, Lochridge & Kilgore, Austin, TX, for defendant Williamson County, Texas.

Marceline L. Lasater, Austin, TX, for Fred Starling, counter-defendant.

James Ludlum, Jr., Ludlum & Ludlum, Patton G. Lochridge, McGinnis, Lochridge & Kilgore, Austin, TX, for defendant Jim Boutwell.

### ORDER

SPARKS, District Judge.

BE IT REMEMBERED on the 6th day of November 1992, a sanctions hearing in the above-styled and numbered cause took place before the Court with all parties and counsel present. Plaintiffs filed their motion for sanctions on April 24, 1992, and on May 19, 1992, after requiring Defendants' counsel Jim Ludlum to respond to the motion in writing and under oath, the Court assigned the motion for sanctions to the

---

United States Magistrate Judge Stephen Capelle for a full evidentiary hearing and factual findings. The hearing before Judge Capelle took place on June 2, 1992, and Judge Capelle issued his findings on August 25, 1992.

Despite the attempt of both sides to interject new evidence at the November 6, 1992 hearing, the factual basis of the Court's decision rests on the history of this case and the evidence presented to Judge Capelle by the parties on June 2, 1992 and with the undisputed fact of the bankruptcy proceedings of Defendant David Proctor. Based on that evidence, Judge Capelle's Report and Recommendation, the parties' responses to the Report and Recommendation, and the evidence and arguments presented on November 6, 1992, the Court finds that sanctions are indeed warranted. The Court, after review of the June 2, 1992 transcript, adopts Judge Capelle's proposed findings in the August 25, 1992 Report and Recommendation, *excluding* the findings in paragraphs 51, 62, 63, 74, 95, 96, 101, 117, 121, and 122, which contain findings that Plaintiffs were "grossly prejudiced" and findings relating to retaliation. As sanctions, the Court finds Defendants Sheriff Jim Boutwell and Williamson County and their lawyer Jim Ludlum are liable, jointly and severally, for Plaintiffs' reasonable attorneys' fees and expenses incurred as a result of Defendants and their counsel's discovery abuses in the amount of $44,-177.40.

### I. *Cause for Sanctions*

Federal Rule of Civil Procedure 37(b)(2) provides, in part:

> If a party or a[ ] . . . managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party *fails to obey an order to provide or permit discovery,* . . . the court in which the action is pending . . . *shall require the party* failing to obey the order *or the attorney* advising that

party *or both* to *pay* the *reasonable expenses,* including attorney's fees, *caused by the failure,* unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2) (emphasis added). Subsection (d) of Rule 37 further authorizes a court to award reasonable expenses, including attorneys' fees, in the event a party fails to respond in writing to a Rule 34 request for production or inspection *"in lieu of* any order or in addition thereto." Fed.R.Civ.P. 37(d) (emphasis added). Thus, failure to comply with court ordered discovery or failure to comply with, or properly object to, discovery requests may result in sanctions. *See e.g., Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1031–32 (5th Cir.1990) (prior discovery order not necessary prerequisite to sanctions and failure to provide discovery need not be intentional); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (existing order to compel unnecessary to impose sanctions under Rule 37); *Batson v. Neal Spelce Assoc., Inc.,* 805 F.2d 546 (5th Cir.1986).

In this case, the Court has no doubt that Sheriff Boutwell, policymaker for Williamson County, and Mr. Ludlum acted deliberately to delay discovery and to delay the trial in this matter. Without repeating all of Judge Capelle's findings, which the Court has adopted, the Court finds Sheriff Boutwell and Mr. Ludlum's "spoonfeeding" of records once they were found or had to be produced, as well as their repeated averments that they had produced all of the requested documents or that documents did not exist, followed by the production of those very documents, to have been deliberate or, at the very least, grossly inept, negligent, and inexcusable.[1] Either way, sanctions are certainly warranted. *See Coane,* 898 F.2d at 1032.

---

1. At the November 6, 1992, sanctions hearing before this Court, Jim Boutwell testified he did not review the documents he gave to Plaintiffs' attorney, which had been located by various Williamson County personnel, and Jim Ludlum testified he was unaware of Boutwell's failure to review the documents. The Court found it curious that both steadfastly maintained they thought, in good faith, all existing documents had been supplied in light of their failure to even look to see which documents had in fact been supplied.

In addition to Sheriff Boutwell and Mr. Ludlum's repeated refusal or "inability" to produce documents timely to Plaintiffs' lawyer, Mr. Ludlum failed to ever respond to Judge Capelle's May 15, 1991 order that Mr. Ludlum produce requested records to Plaintiffs' counsel or acknowledge in writing to the Court that the records do not exist. When asked why by this judge, Mr. Ludlum replied it was an "oversight". Given the number of times this judge and Judge Capelle have mentioned Sheriff Boutwell and Mr. Ludlum's dilatory tactics and failure to timely produce documents since May 15, 1991, the Court finds this testimony incredible. *See e.g.,* Judge Capelle's July 8, 1991 Order (striking Defendants' motions for summary judgment and dismissal and noting that Mr. Ludlum's delay tactics were clear); Judge Sparks' February 10, 1992 Order (striking Defendants' motion for summary judgment and noting that Sheriff Boutwell's attorney was unavailable for discovery purposes). Mr. Ludlum's "oversight" is inexcusable and would alone warrant sanctions against him.

## II. *Form of Sanctions*

Rule 37 gives a court great latitude in choosing the appropriate form of sanctions for discovery abuses. In fact, given the Court's finding that Sheriff Boutwell and Mr. Ludlum's conduct throughout much of the pendency of this lawsuit was deliberate, dilatory, and contumacious, were it not for the fact this Court does not believe Plaintiffs were prejudiced, the Court could have sanctioned them by entering a judgment in favor of Plaintiffs against Sheriff Boutwell and Williamson County. *See Coane,* 898 F.2d at 1032; *Batson,* 805 F.2d at 549–50; *see also McLeod,* 894 F.2d at 1484. The Court does not find Plaintiffs were substantially prejudiced by Defendants' conduct because Plaintiffs' counsel's limited time for review of some documents and inability to procure some documents would not have affected the jury's finding that probable cause to arrest Fred Starling for *a* crime existed, precluding recovery by

Plaintiffs, as that finding was dependent only on the testimony of witnesses at trial including Charles Fuller and Fred Starling. Plaintiffs can be adequately compensated by an award of reasonable attorneys' fees and expenses incurred as a result of Sheriff Boutwell and Mr. Ludlum's discovery abuses.

During the November 6, 1992, sanctions hearing, Plaintiffs' attorney, Marceline Lasater, testified and supplied the Court with exhibits from which the Court could ascertain the increase in attorneys' fees and expenses caused by Sheriff Boutwell and Mr. Ludlum. Ms. Lasater testified that her hourly rate is $150.00 an hour, which Sheriff Boutwell and Mr. Ludlum's attorneys agreed was a reasonable fee for an attorney with the experience and expertise of Ms. Lasater. Based on that hourly figure, the Court has reviewed Ms. Lasater's contemporaneous billing records, which document the amount of time she spent on various tasks related to this case, and her record of expenses, including the fee paid to attorney John W. Alvis who was hired by Plaintiffs to obtain the lifting of the stay in Defendant David Proctor's bankruptcy case, and determined that $44,-177.40 is a fair and reasonable sum to compensate Plaintiffs for the excessive expenses incurred.

To arrive at the figure of $44,177.40, the Court first calculated the amount of attorneys' fees Plaintiffs incurred as a result of increased time spent conducting discovery and seeking sanctions against Sheriff Boutwell, Williamson County and Mr. Ludlum. The Court awarded Plaintiffs attorneys' fees for all the time Ms. Lasater spent preparing the motion for sanctions; preparing for the June 2, 1992, and November 6, 1992 sanctions hearings; taking part in the sanctions hearings; and preparing the motion for contempt and to compel in 1991, for a total of 147.05 hours.[2] The Court also awarded Plaintiffs attorneys' fees for all the time Ms. Lasater spent working

2. The documentation of this time can be found on Ms. Lasater's billing slips for November 2, 3, and 4, 1992; September 4 and 10, 1992; July 11, 12, 13, and 14, 1992; June 1, 2, and 30, 1992; May 1, 11, 15, 29, and 30, 1992; April 29, 1992; and April 30, 1991. In addition, the Court added 5.5 hours for Ms. Lasater's time spent at the November 6, 1992 sanctions hearing.

with Mr. Alvis regarding David Proctor's bankruptcy, of which Plaintiffs' were given very late notice, for a total of 18 hours.[3] Assuming Ms. Lasater would have spent a substantial amount of time on discovery, including review of documents, the Court did not award attorneys' fees for all of the time Ms. Lasater spent reviewing documents in Mr. Ludlum's office or reviewing new documents, but rather awarded attorneys' fees for half of that time, for a total of 61.35 hours.[4] The Court did, however, award attorneys' fees for all of the time Ms. Lasater spent preparing for Sheriff Boutwell's April 26, 1992 deposition and for the time spent taking that deposition, for a total of 22.5 hours.[5] The total number of hours for which the Court awarded attorneys' fees is thus 248.9.

With regard to the amount of expenses the Court found Plaintiffs incurred as a result of Sheriff Boutwell and Mr. Ludlum's sanctionable conduct, the Court awarded Plaintiffs the entire amount of the fee paid to bankruptcy attorney John Alvis, $4762.00; some of the expenses associated with the deposition of Sheriff Boutwell; and the fees paid to subpoena witnesses and documents for the June 2, 1992 sanctions hearing before Judge Capelle, $230.00.[6] The Plaintiffs paid between $112.00 and $441.00 for depositions of different people, except for Sheriff Boutwell's depositions, which totalled $2350.40. Because Plaintiffs had to depose Sheriff Boutwell and because Sheriff Boutwell was such a central figure in Plaintiffs' suit, the Court finds $500.00 is a reasonable estimate of the cost Plaintiffs would have incurred deposing Sheriff Boutwell absent the discovery abuses described in Judge Capelle's Report and Recommendation. Therefore, the Court awards Plaintiffs $1850.40 for the additional expenses incurred deposing Sheriff Boutwell. This brings the total amount of expenses awarded to $6842.40.

As the Court was not provided with contemporaneous records of Rick Perkins', Plaintiffs' private investigator, time and the Court has liberally awarded Plaintiffs attorneys' fees for Ms. Lasater's time, the Court will not include Mr. Perkins' expenses in Plaintiffs' sanctions award. Furthermore, the Court suspects much of Mr. Perkins' time was duplicative of Ms. Lasater's time and/or excessive and declines to award any amount for his fees for that reason as well.

Finally, the Court is compelled to find the legal representation by Mr. Ludlum of the Defendants is below the standard of practice expected in the United States District Courts. There can be no question the trial and discovery in this case were delayed substantially as a result of this conduct. There is no question since before May 1991 and until new counsel entered the case, Mr. Ludlum was representing parties with clear conflicts of interest. The tactics and legal representation of parties by Mr. Ludlum in the past are, of course, not part of this judge's personal experience, and, for that reason alone, this judge will not suspend or otherwise limit Mr. Ludlum's practice in this Court. However, any further similar legal representation by Mr. Ludlum in the future will result in his inability to practice in the United States District Court for Western District of Texas by order of this Court.

### III. *Conclusion*

In accordance with the above, the Court enters the following order:

IT IS ORDERED that Plaintiffs' Motion for Sanctions is GRANTED, and Sheriff Jim Boutwell, Williamson County, and Jim Ludlum are ORDERED to pay Plaintiffs

---

3. The documentation of this time can be found on Ms. Lasater's billing slips for August 26, 1992; July 1, 2, 6, and 11, 1992; and June 30, 1992.

4. The documentation of this time can be found on Ms. Lasater's billing slips for September 11, 15, 16, 21, 22, and 23, 1992, May 4, 5, 7, 8, 17, 18, 19, and 20, 1992; and April 21, 22, 23, 27, and 28, 1992.

5. The documentation of this time can be found on Ms. Lasater's billing slips for April 25 and 26, 1992.

6. This figure was derived from Plaintiffs' November 6, 1992, Exhibit # 6, and includes the fees paid to subpoena Lisa Carter, Jim Boutwell, Mike Scharr, and DPS and TDC records.

$44,177.40 in attorneys' fees and expenses,[7] for which they are JOINTLY and SEVERALLY LIABLE.

SIGNED and ENTERED this 23 day of November, 1992.

## FINAL JUDGMENT

BE IT REMEMBERED on this the 16th day of November 1992, came on to be considered the above-styled and numbered cause. The Court tried this case before a jury during the week of October 12, 1992, and on October 16, 1992, the jury returned a verdict in favor of the defendants on all counts. On November 16, 1992, this Court entered an order awarding Plaintiffs sanctions against Defendant Sheriff Jim Boutwell, Williamson County, and their attorney Jim Ludlum for Plaintiffs' reasonable attorneys' fees and expenses in the amount of $44,177.40. Therefore, the Court enters the following final judgment:

IT IS ORDERED, ADJUDGED AND DECREED that Fred Starling and Bonnie Starling take nothing on their causes of action against Charles Fuller, David Proctor, Ruby Johnson, Dennis Jaroszewski, Gene Hutchinson, Jim Boutwell, and Williamson County;

IT IS FURTHER ORDERED that Jim Boutwell, Williamson County, and Jim Ludlum pay to Fred Starling, Bonnie Starling, and their counsel the sum of $44,177.40 in attorneys' fees and costs in sanctions and that the liability therefor is joint and several between Jim Boutwell, Williamson County, and Jim Ludlum;

IT IS FURTHER ORDERED that all other costs taxed by the Clerk be paid by Fred Starling and Bonnie Starling;

IT IS FINALLY ORDERED that execution shall issue to enforce the payment of costs and attorneys' fees awarded herein.

SIGNED and ENTERED this 23 day of November, 1992.

---

**7.** While the sanctions imposed herein are pursuant to Rule 37, Federal Rules of Civil Procedure, these same sanctions, under the circumstances, could be awarded under Rule 11, Federal Rules of Civil Procedure, and/or under the Court's inherent authority.