# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 00-10474

Summary Calendar

---

DEBRA A. BURDEN,

Plaintiff,

versus

BTI EMPLOYEE SCREENING SERVICES, INC.

Defendant.

DAVID L. SMITH,

Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas

(3:98-CV-2073-BF(T))

---

January 18, 2001

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM[*]

David L. Smith appeals the imposition of sanctions, and the assessment of attorney fees, for his conduct as attorney of record in the captioned proceedings. For the reasons assigned, we affirm.

## BACKGROUND

Smith represented the plaintiff in an action alleging various violations of 42 U.S.C § 2000e *et seq.*, Title VII of the Civil Rights Act. The parties agreed to trial before Magistrate Judge Paul D. Stickney, of the Northern District of Texas. During the course of the proceedings, the Magistrate Judge advised Smith that his comportment appeared to violate Local Rule 83.8(b), and at the conclusion of the proceedings he would hold a hearing to determine whether disciplinary action was appropriate. Smith was advised, when he requested a transcript of the proceedings, that he could obtain one at his own expense, and that the hearing would be continued until he received a transcript and could prepare his response. Smith declined to secure a transcript or to have the hearing continued. On March 30, 2000, the Magistrate Judge held a hearing and thereafter entered an Order imposing a total of $1,000 in sanctions.[1]

Following the jury verdict, counsel for the defendant sought an award of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Smith was sanctioned in the amount of $500 for violating a court order directing him to approach the bench before attempting to elicit information from any witness that would fall under FED. R. CIV. P. 404(b); and a further $500 for refusing, after a direct order from the bench, to rephrase a question to a witness, and instead repetitiously asked the same question.

attorney's fees.  The Magistrate Judge granted the Motion, finding that Smith unreasonably and vexatiously caused an increase in defendant's attorney's fees in the case, and ordering Smith to pay personally $4,100 of defendant's fees.[2]  Smith timely appeals those sanctions and fees, claiming he was denied due process.

## ANALYSIS

Federal courts are vested with the inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[3]  FED. R. CIV. P. 83 permits the establishment of local rules, and 83(b) expressly permits a federal judge to "regulate practice in any manner consistent with . . . local rules of the district."[4]  Similarly, 28 U.S.C. § 1927 grants a federal court the power to tax excess costs, expenses and attorney fees to any attorney who "unreasonably and vexatiously" multiplies those charges.  We review a court's use of those inherent and statutory

---

[2] The Magistrate Judge found that Smith: (1) designated numerous witnesses with no knowledge of their possible testimony, refused to cooperate with Defense counsel in the orderly scheduling of witnesses, and forced witnesses to remain available when it was unreasonable to do so; (2) designated numerous exhibits with no knowledge of their possible relevance; and (3) behaved in a manner that caused both the length of pretrial proceedings, and the trial itself, to be unnecessarily prolonged.  The Court's Order was amended on May 4, 2000, to correct a misstatement of fact which does not bear on this appeal.

[3] Chambers v. NASCO, 501 U.S. 32 (1990)(quoting Link v. Wabash R. Co., 370 U.S. 626 (1962)).

[4] See also Carroll v. The Jaques Admiralty Law Firm, P.C., 110 F.3d 290 (5th Cir. 1997)(finding Rule 83(b) ensures that an attorney is not unfairly sanctioned, but does not bar a federal court from using its inherent powers to sanction an attorney).

powers for abuse of discretion.[5]

Smith contends that the sanctions imposed amounted to a criminal contempt conviction for which he was not given appropriate due process, and that the Magistrate Judge ignored or summarily dismissed his defenses to the charges. A close review of the record discloses no support for these claims. Smith was clearly warned during the trial proceedings that certain tactics would not be allowed, and when he persisted he was advised of the reasons for which a hearing would be held, *viz*, specific violations of Local Rule 83.8(b). He was given the option of continuing the hearing to prepare his response to those charges but declined that offer. The resulting hearing was not a criminal or civil contempt proceeding, despite Smith's vigorous attempts to characterize it as such. The record abundantly supports the violations found by the Magistrate Judge. Accordingly, we conclude and hold that there is nothing clearly erroneous in the Magistrate Judge's assessment of the evidence, and there was no abuse of discretion in the levying of the challenged sanctions.

The judgment entered by the trial court is in all respects AFFIRMED.

---

[5] Connor v. Travis County, 209 F.3d 794 (5th Cir. 2000)("A district court abuses its discretion if it awards sanctions based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.")