# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 14, 2010

No. 09-20727
Summary Calendar

Lyle W. Cayce
Clerk

ALEXANDER McGREGOR HUNTING,

Plaintiff-Appellant

v.

BASF CORPORATION,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
(4:08-CV-3651)

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Alexander M. Hunting ("Hunting") appeals the district court's order dismissing his case against Defendant-Appellee BASF Corporation ("BASF"). Because we find no abuse of discretion, we AFFIRM.

## I. BACKGROUND

On or about October 17, 2006, Hunting impermissibly walked onto BASF's property in order to inquire about securing employment with BASF. Hunting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeded through unmanned gates of the south Texas facility towards the administrative building on the premises. Drawing the suspicion of the facility's security personnel by, *inter alia*, allegedly videotaping the premises after hours, BASF's security detained Hunting. After a short while, BASF's security summoned police to the facility, at which point Hunting was arrested on a charge of criminal trespass, allegedly at the direction of BASF's security personnel. Hunting was later acquitted of this charge. In 2008, Hunting initiated the instant litigation alleging claims of false imprisonment and malicious prosecution pursuant to his 2006 arrest. The matter proceeded to discovery whereupon the facts relevant to this discussion occur.

On February 24, 2009, the parties entered into a "Joint Discovery/Case Management Plan" ("the Plan") with the district court. The Plan indicated that Hunting anticipated calling only one additional party by April 1, 2009, and that BASF anticipated taking Hunting's deposition as soon as Hunting responded to written discovery requests. The Plan contemplated the completion of discovery by November 1, 2009, and anticipated a jury trial of twelve hours. On June 15, 2009, Hunting's counsel, Derek Obialo, moved the district court to withdraw his representation. On June 30, 2009, the district court held oral argument on Obialo's motion. On July 6, 2009, BASF sent correspondence to Obialo requesting a list of dates Hunting was available for his deposition by BASF. The following day, Obialo indicated he forwarded BASF's letter to his client. On July 8, 2009, the district court granted Obialo's motion.

By September 2009, Hunting had not yet appeared for his deposition, and on September 11, 2009, BASF moved the district court to compel his deposition and to supplement written discovery responses.[1] Four days following BASF's

---

[1] In addition to repeated attempts by BASF's counsel to secure Hunting's deposition through his counsel, BASF's motion to compel also cites attempts to communicate directly with Hunting, following the withdrawal of counsel; a deficient response to BASF's attempts to

No. 09-20727

motion, the district court entered an order expediting Hunting's response to BASF's motion. Hunting timely responded to the district court's order for an expedited response.

On September 29, 2009, the district court heard from both parties as to BASF's motion to compel. The district court ordered Hunting to contact BASF's counsel by October 6, 2009, to schedule his deposition which, per the district court's instructions, was to take place between October 6, 2009, and October 13, 2009. Hunting failed to contact BASF before October 6, 2009. On October 8, 2009, BASF moved the district court for dismissal. BASF's moving papers documented  BASF's repeated attempts to contact Hunting and schedule his deposition. Counsel for BASF also listed other allegations about Hunting's unresponsive, and at worst obstructive actions.

On October 16, 2009, the district court granted BASF's motion for dismissal without prejudice, instructed Hunting that he was not to contact BASF or their counsel, and that his failure to comply with the terms of the order of dismissal would result in his arrest and/or incarceration. On October 23, 2009, Hunting filed with the district court a motion to reconsider the order of dismissal. He attempted to personally serve BASF's counsel at their Houston offices, in direct violation of the district court's October 16, 2009 order. On or about October 23, 2009, the district court dismissed Hunting's motion for reconsideration. This appeal followed.

On April 8, 2010, after the submission of Hunting's merits brief contesting the district court's dismissal, and his submission of his record excerpts, BASF filed a motion to strike fabricated evidence from the appeal. In its moving papers, BASF explained that Hunting's record excerpts contained a piece of

---

notice Hunting's deposition; Hunting's incomplete discovery responses in the form of statements regarding his alleged damages and, an Internal Revenue "4506 Form" Hunting failed to return.

No. 09-20727

fabricated evidence—namely an email message from BASF to Hunting that purportedly scheduled his deposition for October 7, 2009. BASF also complained that Hunting failed to serve the record excerpts upon BASF's counsel.

## II. ANALYSIS

A.    Standard of Review

This court reviews dismissal of an action for failure to prosecute or failure to comply with a court order for an abuse of discretion. *Kabbe v. Rotan Mosle, Inc.,* 752 F.2d 1083, 1084-85 (5th Cir. 1985). This court employs the same standard upon dismissal of an action as a sanction for an abuse of the discovery process. *Coane v. Ferrar Pan Candy Co.*, 898 F.2d 1030, 1031 (5th Cir. 1990).

B.    Applicable Law

The Federal Rules of Civil Procedure condone a district court's dismissal of an action and contemplate such a measure when a party fails to appear for a properly noticed deposition, fails to comply with a discovery order, fails to prosecute his case, or fails to comply with an order of the district court. FED. R. CIV. P. 37(b)(2)(A)(v); *see also Coane*, 898 F.2d 1032. As we have stated many times before, "[t]his [court] will not interfere with a lower court's dismissal of an action for failure to comply with discovery orders unless important historical findings are clearly erroneous or, by imposition of sanctions which are not just, there has been an abuse of discretion." *O'Neill v. AGWI Lines*, 74 F.3d 93, 95 (5th Cir. 1996)(citations omitted).

C.    Hunting's Appeal of the District Court's Order of Dismissal.

In light of the detailed record before us, this court has no reservations about affirming the district court's judgment of dismissal. The record reflects Hunting repeatedly gamed the discovery process. For example, the Plan stated that Hunting named only one other person beyond himself as an intended deponent. Considering the totality of his complaint centers solely around his impermissible entry onto BASF's premises, we find persuasive BASF's

4

arguments—and the district court's determination—that Hunting not only frustrated the discovery process by his lack of cooperation in scheduling his deposition, but that the entirety of his conduct was inappropriate. In light of the nature of his conduct in the prosecution of his claim, we affirm the dismissal of his complaint without prejudice.

D.    BASF's Motion to Strike Fabricated Evidence; Motion for Summary Affirmance.

On April 5, 2010, Hunting filed his record excerpts before this court but without serving a copy of them on BASF. Within those record excerpts appears to be a copy of an email from BASF to Hunting purporting to schedule Hunting's deposition for October 7, 2009. On April 8, 2010, while reviewing the court's electronic record, BASF noted the record excerpts and, specifically, the email in question. BASF averred in its motion to strike fabricated evidence that the Hunting email "was neither created nor sent by BASF's counsel to Mr. Hunting". The motion was supported by an affidavit from BASF's counsel of record. On April 21, 2010, Hunting filed his response to BASF's motion and denied its contentions. That motion was carried with the case. Having carefully reviewed the record excerpts, the record as a whole, and the arguments of the parties, we grant BASF's motion to strike Hunting's record excerpts.

BASF also filed a motion for summary affirmance. That motion is denied as moot.

### III. CONCLUSION

For the reasons stated above, we find the district court did not abuse its discretion in dismissing Hunting's action and therefore its judgment of dismissal without prejudice is AFFIRMED. Also, BASF's motion to strike fabricated evidence is GRANTED. Lastly, BASF's motion for summary affirmance is DENIED as moot.

5