United States Court of Appeals.

Fifth Circuit.

No. 96-30737.

Daniel GARRETT, Plaintiff-Appellant,

v.

Richard S. DERBES, A Professional Law Corporation; Richard S. Derbes, Attorney at Law, Defendants-Appellees.

April 23, 1997.

Appeal from the United States District Court for the Middle District of Louisiana.

Before EMILIO M. GARZA, PARKER and DENNIS, Circuit Judges.

PER CURIAM:

In early April 1993, Bell South Mobility retained the law firm of Richard S. Derbes, A Professional Law Corporation, to collect delinquent telephone bills from certain customers. Over the next nine months, Richard S. Derbes, on behalf of the law firm, mailed approximately 639 demand letters to individual customers of Bell South. Daniel Garrett received one of these demand letters and then filed an action against Derbes and his law firm (jointly, "Derbes") alleging several violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

The Fair Debt Collection Practices Act prohibits a "debt collector" from making false or misleading representations and from engaging in various abusive and unfair practices. *Heintz v. Jenkins,* 514 U.S. 291, ----, 115 S.Ct. 1489, 1490, 131 L.Ed.2d 395 (1995). The act defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any

1

business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

The district court first determined that the "principal purpose" of Derbes' law practice was not the collection of debts. It then determined that Derbes did not "regularly" attempt to collect debts owed another because (1) Derbes' work for Bell South constituted less than 0.5 percent of his entire practice during the nine-month period his law firm represented Bell South, (2) there was no ongoing relationship between Derbes and Bell South, and (3) Derbes had not represented Bell South in other matters.  On this ground, the district court granted Derbes summary judgment and dismissed Garrett's complaint with prejudice.  Our review of a grant of summary judgment is *de novo.  Fairley v. Turan-Foley Imports, Inc.,* 65 F.3d 475, 479 (5th Cir.1995).  Moreover, when the relevant facts are undisputed, as here, the applicability of a statute's terms is a question of law for the court to decide. *Coffman v. Trickey,* 884 F.2d 1057, 1061 (8th Cir.1989), *cert. denied,* 494 U.S. 1056, 110 S.Ct. 1523, 108 L.Ed.2d 763 (1990).

Clearly, Congress must have intended the "principal purpose" prong of § 1692a(6) to differ from the "regularly" prong.  *See Jarecki v. Searle & Co.,* 367 U.S. 303, 307-08, 81 S.Ct. 1579, 1582, 6 L.Ed.2d 859 (1961) (noting that we may not adopt a forced reading of a statute that renders one part a mere redundancy).  Thus, a person may regularly render debt collection services, even if these

2

services are not a principal purpose of his business.  Indeed, if the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of his total business activity;  the person still renders them "regularly." *Stojanovski v. Strobl and Manoogian, P.C.,* 783 F.Supp. 319, 322 (E.D.Mich.1992).

Therefore, we hold that a person who, during a single nine-month period, attempts to collect debts owed another by 639 different individuals "regularly" attempts to collect debts owed another, and thus is a "debt collector" under § 1692a(6).

REVERSED AND REMANDED for proceedings consistent with this opinion.