# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-10524

NICKIE CHRISTOPHER CHANCE,

Plaintiff-Appellant,

versus

DALLAS COUNTY HOSPITAL DISTRICT, doing business
as Parkland Memorial Hospital, ET AL.,

Defendants,

DALLAS COUNTY HOSPITAL DISTRICT, doing business
as Parkland Memorial Hospital,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

June 3, 1999

Before REYNALDO G. GARZA, POLITZ, and BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:

Nickie Christopher Chance contends that the trial court erred by granting judgment as a matter of law for defendant, rejecting a jury verdict; by refusing to allow him to discover counseling and guidance reports for several years prior to the incident; and by instructing the jury to disregard the testimony of one of the

witnesses. We find no merit in these contentions. We write to address another issue raised by Chance: whether the trial court erred in awarding costs against him when he pursued causes of action under the Uniformed Services Employment and Reemployment Rights Act (USERRA)[1] while also pursuing other causes of action.

## BACKGROUND

For purposes of the issue of the taxing of costs, we need only note a few details surrounding Chance's amended complaint and the dispositions of his several causes of action. Chance's amended complaint alleged causes of action under the Texas Commission on Human Rights Act, the Texas Whistleblower Act, the Equal Pay Act of 1963, the Civil Rights Act of 1964, the Civil Rights Act of 1871, as well as claims under the USERRA. Chance pursued his claims against the Dallas County Hospital District, doing business as Parkland Memorial Hospital.[2] Prior to trial, the Hospital filed a motion for summary judgment on all claims except the Equal Pay Act claim, which Chance voluntarily dismissed. The court[3] granted the Hospital's motion on all claims save the USERRA causes of action.

---

[1] 38 U.S.C. § 4301 *et seq.*

[2] Chance also pursued his claims against Cassandra Miller, a supervisor, but the action against Miller was dismissed by an agreed order.

[3] In accordance with 28 U.S.C. § 636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in the case.

As to the USERRA claims, the jury found for the Hospital on Chance's discriminatory denial of promotion and retaliation claims, and it found for Chance on his wrongful discharge claim. The Hospital renewed its earlier motion for judgment as a matter of law, which the court granted. In rendering its final judgment, the court taxed costs against Chance. Chance contends that the USERRA prohibits this taxing of costs against him.

## ANALYSIS

Whether the trial court possessed the authority to award costs is a question of law that we review *de novo*.[4]

The USERRA prohibits the taxing of fees or court costs against any person claiming rights under the statute.[5] Chance recognizes that Rule 54 of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be

---

[4] **Chase v. Shop 'N Save Warehouse Foods, Inc.**, 110 F.3d 424 (7th Cir. 1997); *see also* **Garrett v. Derbes**, 110 F.3d 317 (5th Cir. 1997) (employing *de novo* review of the applicability of a statute's terms).

[5] After the parties filed their briefs, Congress enacted the Veterans' Programs Enhancement Act of 1998, Pub. L. No. 105-368, 112 Stat. 3315 (Nov. 10, 1998). The 1998 Act amended and renumbered 38 U.S.C. § 4323(c)(2)(A) (1997). *Compare* Pub. L. No. 105-368 ("No fees or court costs may be charged or taxed against any person claiming rights under this chapter.") (numbering this provision § 4323(h)(1)) *with* 38 U.S.C. § 4323(c)(2)(A) (1997) ("No fees or court costs shall be charged or taxed against any person claiming rights under this chapter."). The 1998 Act's amendments to § 4323 apply to actions commenced under Chapter 43 before November 10, 1998 that were not final on that date.

allowed as of course to the prevailing party," but he emphasizes one of the rule's caveats – "[e]xcept when express provision therefor is made . . . in a statute of the United States . . . ."[6] Chance contends that this caveat applies because the USERRA – a statute of the United States – expressly prohibits the taxing of court costs against him, a person claiming rights under the statute.

Chance's contention is not without force, but we are not persuaded. Chance is correct to the extent that one claiming rights under the USERRA, and only under the USERRA, may not be taxed costs; the statute clearly so provides, and we previously have so held.[7] Chance, however, would extend the reach of the statute to bar the taxing of costs to one who prosecutes any claims, as long as there is also a claim under the USERRA. We reject this broad interpretation of the relevant language. We do not read the USERRA to bar the taxing of costs against a party who unsuccessfully prosecutes his claims under statutes other than the USERRA in light of the express language of Rule 54 providing that these costs are allowed as a matter of course. One "contending that legislative action changed settled law has the burden of showing that the legislature intended such a change."[8] We are

---

[6] FED. R. CIV. P. 54(d)(1).

[7] **Jordan v. Jones**, 84 F.3d 729 (5th Cir. 1996).

[8] **Green v. Bock Laundry Mach. Co.**, 490 U.S. 504, 521 (1989).

4

not favored herein with such a showing.

Chance seemingly reads the USERRA's "person" in isolation, he is a "person" who claimed rights under the USERRA, thus, his argument runs, he cannot be taxed for any costs. We read "person" to be limited by "claiming rights under [the USERRA]," and conclude that the text does not apply in an instance in which a person claims rights other than those provided by the USERRA. We therefore hold that the USERRA does not bar the taxing of costs for claims other than those established by the USERRA, even though the person also simultaneously pursues a cause of action under that Act.[9]

The courts do not favor implicit amendments and repeals of statutes.[10] In the absence of a clear expression from Congress, we are disinclined to hold that the USERRA amends a Federal Rule.[11] If Congress had intended the result that Chance

---

[9] **Key v. Hearst Corp.**, 963 F. Supp. 283 (S.D.N.Y. 1997) (without specifically discussing the issue, taxing costs against a USERRA plaintiff when that plaintiff's original complaint also included a claim for breach of contract, a state military law claim, and alleged violations of Title VII and § 1981).

[10] **United States v. United Continental Tuna Corp.**, 425 U.S. 164, 168 (1976) ("cardinal principle of statutory construction that repeals by implication are not favored").

[11] **Jackson v. Stinnett**, 102 F.3d 132 (5th Cir. 1996) (discussing the effect of the PLRA on FED. R. APP. P. 24(a)); 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 86.04[4] (2d ed. 1996) ("[A] subsequently enacted statute should be so construed as to harmonize with the Federal Rules if that is at all

5

seeks, it could have and would have drafted the statute to demonstrate that intention. For example, Congress could have penned the pertinent provision to read: No fees or court costs may be charged or taxed against any person claiming rights under this chapter, *even if additional rights simultaneously are claimed.*[12] Further, if Congress had intended the result that Chance seeks, it could have included an additional provision in 38 U.S.C. § 4302, which it entitled "Relation to other law and plans or agreements". In § 4302(b), Congress was careful to explain that the USERRA superseded "any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by [the Act]." If Congress had intended the result that Chance suggests, then it could have added a reference to federal laws, rules, or practice.[13]

---

feasible.").

[12] We candidly concede that Congress could have written the statute in a manner that better supports the conclusion reached in this opinion. *E.g.*, 42 U.S.C. § 9607(d)(1) ("[N]o person shall be liable under this subchapter for costs . . . . This paragraph shall not preclude liability for costs . . . as the result of negligence . . . ."). The arguments, however, better support our conclusion than that offered by Chance.

[13] *E.g.*, 20 U.S.C. § 4074 ("The provisions of this subchapter shall supercede all other provisions of Federal law that are inconsistent with the provisions of this subchapter."); 42 U.S.C. § 14408 ("The provisions of this Act supercede other Federal laws . . . .").

Our review of the legislative history reveals nothing undermining this conclusion.[14] We note that the legislative history does not touch on the sweeping implication of the interpretation pressed by Chance. If Congress had intended 38 U.S.C. § 4323 to prohibit a court from awarding costs to a prevailing defendant, when a plaintiff pursues a cause of action under a statute other than the USERRA, while also pursuing one under that Act, then Congress would have made its intentions clear in the statute, or there would have been some enlightening evidence of such intention in the legislative history.[15] That no such evidence exists bolsters our conclusion.

The trial court taxed all costs of court against Chance. This ruling is overly broad. Only costs not attributable to the filing and advancing of the USERRA claim may be taxed. The trial court must, therefore, closely examine the costs

---

[14] The legislative history does reveal that the USERRA is to be "liberally construed." H.R. REP. NO. 103-65, at 19 (1993), *reprinted in* 1994 U.S.C.C.A.N. 2449, 2452; **Fishgold v. Sullivan Drydock & Repair Corp.**, 328 U.S. 275, 285 (1946) (interpreting a precursor of the USERRA). Liberal construction, however, does not warrant "distort[ion.]" **Id.**

[15] **Chisom v. Roemer**, 501 U.S. 380, 396 n. 23 (1991) (citing **Harrison v. PPG Indus., Inc.**, 446 U.S. 578, 602 (1980) (Rehnquist, J., dissenting) ("In a case where the construction of legislative language such as this makes so sweeping and so relatively unorthodox a change as that made here, I think judges . . . may take into consideration the [absence of legislative history.]")). *But see* **Chisom**, 501 U.S. at 406 (Scalia, J., dissenting) ("We are here to apply the statute, not legislative history, and certainly not the absence of legislative history.").

incurred *à quo* and separate out and tax to Chance only those costs not related to his USERRA claim.  It may be that some, most, or all costs attributable to other claims are also related to the USERRA claim.  That is a matter to be first addressed by the trial court.  We express no opinion thereon.  But no costs of court directly attributable to the filing and prosecution of the USERRA claim may be assessed against Chance.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court in the defendant's favor, VACATE the taxing of all costs to plaintiff, and REMAND for further proceedings consistent herewith.