

FILED

**NOT FOR PUBLICATION**

DEC 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL STRASTERS, a married person; ZADELLE STRASTERS, a married person, <br><br>        Plaintiffs - Appellees, <br><br>   v. <br><br> WEINSTEIN & RILEY PS, <br><br>        Defendant - Appellant. | No. 12-35120 <br><br> D.C. No. 2:10-cv-03070-RHW <br><br><br> MEMORANDUM[*] |
| PAUL STRASTERS, a married person; ZADELLE STRASTERS, a married person, <br><br>        Plaintiffs - Appellants, <br><br>   v. <br><br> WEINSTEIN & RILEY PS, <br><br>        Defendant - Appellee. | No. 12-35283 <br><br> D.C. No. 2:10-cv-03070-RHW |

Appeal from the United States District Court
for the Eastern District of Washington

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted December 7, 2012
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and FITZGERALD, District Judge.[**]

Defendant Weinstein & Riley, P.S., appeals a civil judgment for violation of the Fair Debt Collection Practices Act (FDCPA). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

The district court properly analyzed whether a settlement agreement between plaintiffs Paul and Zadelle Strasters and co-defendant Wells Fargo released Weinstein & Riley from liability. The district court properly concluded that the settlement agreement was ambiguous as to whether it released Weinstein & Riley, and therefore properly denied Weinstein & Riley's motion for summary judgment on that ground. *See Hearst Comm'ns v. Seattle Times Co.*, 154 Wash. 2d 493, 510, 115 P.3d 262 (2005). It was also not clear error for the court to find after a bench trial that extrinsic evidence demonstrated the agreement did not release Weinstein & Riley from liability. *See Saint John's Organic Farm v. Gem County Mosquito*

_____

[**] The Honorable Michael W. Fitzgerald, United States District Judge for the Central District of California, sitting by designation.

*Abatement Dist.*, 574 F.3d 1054, 1058 (9th Cir. 2009) (reviewing district court's factual findings for clear error).

The district court erred, however, when it granted partial summary judgment to plaintiffs on a prima facie FDCPA violation. The facts submitted to support the plaintiffs' motion, whether contested or not, did not suffice to entitle them to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (e). Interrogatory responses that only demonstrated the defendant had collected *some* debts in the past, or had occasionally taken a contingent fee interest in any recovery, did not allow the court to conclude, as a matter of law, that the defendant "regularly" collects debts under 15 U.S.C. § 1692a(6). *Compare Shroyer v. Frankel*, 197 F.3d 1170, 1176 (6th Cir. 1999) (holding that defendant did not "regularly" collect debts when only 7.4 percent of cases involved debt collection) *with Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997) (holding that a defendant who attempts to collect debts from 639 individuals in a nine-month period "regularly" collects debts).

Although the defendant failed to specifically address this issue in its opposition brief, "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion . . . ." Fed. R. Civ. P. 56(e) advisory committee's note to 2010 Amendments; *see also Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). We vacate the judgment, including the award of

3

attorneys' fees to plaintiffs, and remand to the district court, which may reopen discovery and reconsider whether the defendant is a "debt collector" on summary judgment or, if necessary, proceed to resolve the issue at trial.  In light of our disposition, plaintiffs' cross-appeal is dismissed as moot.

The judgment in 12-35120 is **AFFIRMED IN PART, REVERSED IN PART,** and **REMANDED** to the district court for further proceedings consistent with this disposition.  Each party shall bear its own costs.

No. 12-35283 is **DISMISSED**.  Each party shall bear its own costs.