# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2019

No. 17-30849

Lyle W. Cayce
Clerk

NICOLE REYES, individually and as Representative of two classes, the Fair Debt Collection Practices Act class and the Louisiana usurious class,

Plaintiff - Appellant

v.

STEEG LAW, L.L.C.; MARGARET V. GLASS,

Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 2:12-CV-2043

Before JONES, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The plaintiff appeals from the district court's grant of summary judgment to the defendant law firm and decertifying a class of plaintiffs under the Fair Debt Collection Practices Act. Her primary argument is that the defendant is a "debt collector" for the purposes of the Fair Debt Collection Practices Act. We disagree and AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30849

## FACTS AND PROCEDURAL HISTORY

Nicole Reyes filed a class action lawsuit against Steeg Law and one of its associates, Margaret Glass. She alleged repeated violations of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"). 15 U.S.C. §§ 1692-1692p. Steeg Law is a law firm in New Orleans that has a specialty practice in real estate and condominium law. Steeg Law's clients include several condominium associations, including Julia Place Condominiums, where Reyes owned a unit.

The parties agree that Steeg Law is not primarily engaged in debt collection activity. The firm stated that it provides "commercial litigation, transactional, and real estate services to . . . condominium association clients, who on occasion request[] assistance in recording privileges under La. R.S. § 9:1123.115." Privileges under Louisiana law are a form of security. Before recording a privilege, Steeg Law's practice is to transmit lien letters to unit owners. These letters relate to disputes concerning "unpaid condominium assessments, violations of the condominium owner declarations, or any other basis permitting the association to record a privilege."

Reyes alleges that the letters Steeg Law sent to her and others who belong to condominium associations represented by Steeg Law constitute facial violations of the FDCPA. That is because Steeg Law's standard form letter demands payment within seven days, rather than the thirty days the Act provides. *See* 15 U.S.C. § 1692g. Further, Reyes alleges that Steeg Law "regularly makes demand for amounts that are not 'expressly authorized by the agreement creating the debt or permitted by law'. . . and for amounts that violate state law" in violation of Section 1692f. Reyes also claims that Steeg Law violated the Act as to her because it continued to communicate directly with her even after learning she had legal representation with respect to this matter. *See id.* § 1692c(a)(2).

2

No. 17-30849

After initial discovery, the district court certified a class of condominium owners for the purposes of claims under the FDCPA.  The class was defined as "individuals who received lien letters from Steeg Law in the year preceding the filing of the complaint."  As the case progressed through discovery and pretrial motions, its scope narrowed as Steeg Law successfully sought dismissal of some members of the FDCPA class and additional defendants reached settlement agreements with Reyes.

The district court ordered the parties to inform the court which of the pending motions were mooted by the settlements and "whether, in light of the recent settlement, there [was] a proposed class that satisfie[d] Rule 23(a)-(b) of the Federal Rules of Civil Procedure."

After receiving the requested briefing, the district court decertified the FDCPA class.  The next day, the court granted summary judgment to Steeg Law, holding that it did not qualify as a debt collector for the purposes of the Act because it was not "regularly" engaged in debt collection activity.  Reyes timely appealed.

DISCUSSION

"We review a grant of summary judgment *de novo*, applying the same standard that the district court applied."  *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A material fact is one "that might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute regarding a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  "The court must view the evidence introduced and all factual inferences from the evidence in the light most

3

favorable to the party opposing summary judgment." *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995). "A party opposing summary judgment may not," however, "rest on mere conclusory allegations or denials in its pleadings" to avoid an adverse ruling. *Id.*

The FDCPA imposes civil liability on "debt collectors" for certain prohibited debt collection practices. 15 U.S.C. §§ 1692-1692p. It regulates interactions between a debtor and a debt collector, the latter being defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). "Attorneys qualify as debt collectors for purposes of the FDCPA when they regularly engage in consumer debt collection, including but not limited to litigation on behalf of a creditor client." *Mahmoud v. De Moss Owners Ass'n, Inc.*, 865 F.3d 322, 330 (5th Cir. 2017).

As a panel of this court previously acknowledged, this circuit has not developed a bright-line rule to determine when a law firm is a debt collector for the purposes of the FDCPA. *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008). We decline to adopt such a standard today and instead continue to consider a variety of factors. One district court listed factors we have identified in our caselaw as including

> the number of lawsuits filed and collection letters mailed, the percentage of time debt collection activities consume, the share of total lawsuits filed that were dedicated to debt collection, the number of creditor clients and the length of the firm's relationship with them, the frequency and nature of the non-collection work in which the firm engages, and the number of firm attorneys and other employees dedicated to debt collection activities.

*Kirkpatrick v. Dover & Fox, P.C.*, No. 4:13-cv-00123, 2013 WL 5723077, at *5 (S.D. Tex. Oct. 21, 2013) (collecting cases).

No. 17-30849

Reyes emphasizes that we have previously held that an attorney "who, during a single nine-month period, attempts to collect debts owed another by 639 different individuals 'regularly' attempts to collect debts owed another, and thus is a debt collector under [Section] 1692a(6)," although the debt collection work for that client constituted 0.5% of his practice during that nine-month period. *Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997).

We resolve these issues on a case-by-case basis for a reason. In the cited precedent, Derbes's collection activity was "regular" although it constituted a small percentage of his firm's overall practice. Labeling the work as "regular" was a reflection of the nature of Derbes's practice. Steeg Law, though, sent only 36 letters (related to 34 liens) in the year before Reyes filed her complaint. That level of activity pales in comparison to the 639 letters Derbes sent in three quarters of that time. *See id.* While it is certainly true that the lien letters and the negotiations, research, and drafting work associated with each letter made up more than 0.5% of Steeg Law's practice during the relevant period, this work did not represent a large part of the firm's overall practice.

During the three years before Reyes filed her complaint, less than 1.3% of Steeg Law's overall revenue was "attributable to fees accrued through the representation of condominium associations in perfecting and enforcing liens and recovering delinquent balances." During that same period, all of the work that Steeg Law attorneys undertook for its condominium association clients constituted less than 1.5% of the firm's total billable hours. Even adopting an expansive definition of "debt collection activity," that activity constituted less than 3.5% of that 1.5%. Neither this court's precedent nor common sense compel a determination that these circumstances constitute regularly engaging in debt collection activity. The district court did not err in holding that Steeg Law is not a debt collector as defined by the Act.

This determination moots Reyes's argument that the district court erred in decertifying her FDCPA class.

AFFIRMED.