United States Court of Appeals,

Fifth Circuit.

No. 95-40102

Summary Calendar.

Earle B. O'NEILL, Plaintiff-Appellant,

v.

AGWI LINES, et al., Defendants-Appellees.

Feb. 6, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before GARWOOD, WIENER and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge.

Plaintiff appeals from the district court's order sanctioning him for his failure to comply with the district court's order of conference. The district court dismissed plaintiff's Jones Act claim without prejudice and ordered plaintiff's attorney to pay the defendants' attorneys' fees. We affirm.

PROCEEDINGS BELOW

Earle B. O'Neill ("O'Neill")—through his Michigan attorneys, the Jaques Admiralty Law Firm, P.C.—filed a civil suit under the Jones Act against a multitude of defendants asserting that he had suffered hearing loss as a result of a lifetime as a seaman. The suit was filed on September 16, 1994, in the Southern District of Texas, Galveston Division. On September 16, 1994, the district court entered an order for a Rule 16 conference to be held on January 4, 1995. In that order, the district court instructed the parties to meet and prepare a joint report of meeting and a joint discovery/case management plan. The order specifically warned the parties that their failure to comply with the order could result in the dismissal of the suit.

On December 8, 1994, the district court heard the motions of several of the defendants for a more definite statement. As a result of this hearing, the district court ordered the plaintiff to provide details regarding his current residence, the basis for jurisdiction for each defendant, the dates of employment for each defendant, and the specific vessels upon which he had served.

On January 4, 1995, the district court proceeded wi th the Rule 16 conference. At that conference, the Jaques Law Firm was represented by local counsel, Charles Reed. The district court questioned Reed with respect to venue in the Southern District of Texas. Reed asserted that O'Neill had been a seaman from 1944 to 1980 and had frequently made stops at Texas City and Galveston. Reed was unaware of O'Neill's exact place of residence, other than that it was somewhere in California. The district court stated its displeasure with the filing of the case in the Southern District of Texas, calling the filing blatant forum shopping. The district court stated that the case would be "dismissed without prejudice and the plaintiff will pay the costs of every attorney appearing in the case for the reason that this case is gro ssly improperly filed under Rule 11 in the applicable venue considerations." Two days later, on January 6, 1995, the district court entered the order of dismissal. In the written order, the district court did not mention Fed.R.Civ.P. 11, but dismissed the suit without prejudice pursuant to Fed.R.Civ.P. 37 and assessed the costs of the defendants' attorneys' fees to O'Neill's counsel, Leonard Jaques ("Jaques").[1] The assessment of attorneys' fees was also made pursuant to Rule 37. O'Neill filed a notice of appeal from this order.

## DISCUSSION

O'Neill and his attorney assert that the district court abused its discretion in dismissing this action and assessing attorneys' fees against Jaques. O'Neill and Jaques assert that the district court's actions were sanctions for violations of Rule 11 as indicated from the transcript of the Rule 16 conference. However, in its written order dismissing the case and assessing costs, the district court specifically stated that the action was taken pursuant to Rule 37. This apparent conflict does not concern us because to the extent that the district court's statements from the bench conflict with its formal findings and conclusions of law, we need not consider them. *E.E.O.C. v. Exxon Shipping Co.,* 745 F.2d 967, 974 (5th Cir.1984). Consequently, we will review the district court's order made under Rule 37.

---

[1]Mr. Jaques is well known to this court. He operates the Jaques Admiralty Law Firm in Detroit, Michigan. Through telemarketing efforts he successfully attracts a high volume of clients for whom he files cases in admiralty. Unfortunately, Mr. Jaques seems to devote more attention to acquiring cases than processing them.

DISMISSAL WITHOUT PREJUDICE

Dismissals made pursuant to Rule 37 for failure to comply with discovery orders are reviewed by this court under the abuse of discretion standard. *Morton v. Harris,* 628 F.2d 438, 440 (5th Cir. Unit B 1980), *cert. denied sub nom. Morton v. Schweiker,* 450 U.S. 1044, 101 S.Ct. 1766, 68 L.Ed.2d 243 (1981). "This Circuit will not interfere with a lower court's dismissal of an action for failure to comply with discovery orders unless important historical findings are clearly erroneous or, by imposition of sanctions which are not just, there has been an abuse of discretion." *Id.* (citing *Marshall v. Segona,* 621 F.2d 763, 766-67 (5th Cir.1980)).

In the order of conference for January 4, 1995, the district court instructed that "[a]fter the parties meet as required by Fed.R.Civ.P. Rule 26(f), counsel shall prepare and file not less than 10 days before the conference a jo int report of meeting and a joint discovery/case management plan containing the information required on the attached form." The order specifically stated that "[f]ailure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs." In light of this express warning, O'Neill's assertion that "[t]he record is devoid of notice to Plaintiff or his counsel that the District Court was considering imposition of any sanction, much less the ultimate sanction of dismissal[ ]" is at the very least frivolous, and could possibly be considered as an attempt to mislead this court in its review of the lower court's actions in this case.

Rule 37 provides, in pertinent part:

**Failure to Make Disclosure or Cooperate in Discovery: Sanctions**

**(b)(2)** *Sanctions in Court in Which Action is Pending* ... [I]f a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to failure as are just, and among others the following:

\* \* \* \* \* \*

**(C)** An order ... dismissing the action or proceeding or any part thereof ...

\* \* \* \* \* \*

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

**(g) Failure to Participate in the Framing of a Discovery Plan.** If a party or a party's attorney fails to participate in good-faith in the development and submission of a proposed discovery plan as required by Rule 26(f), the court may, after an opportunity for hearing, require such party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

Fed.R.Civ.P. 37.

In light of the court's Rule 26(f) discovery order and O'Neill's failure to comply with that order, it is clear that the district court did not abuse its discretion when it followed the plain language of Rule 37 and dismissed O'Neill's action. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482 (5th Cir.1990) (defendant's failure to comply with court's discovery order justified sanction of dismissal under Rule 37).

## ATTORNEYS' FEES

Rule 37(b) allows the imposition of fees and costs against the "party failing to obey the order or the attorney advising that party or both." The imposition of attorneys' fees as a sanction is reviewed for abuse of discretion. *American Airlines, Inc. v. Allied Pilots Ass'n,* 968 F.2d 523, 529 (5th Cir.1992). Additionally, courts have shown an increased willingness to assess fees and costs against only the attorney, especially where there is no evidence that the client was at fault. *Shipes v. Trinity Indus.,* 987 F.2d 311, 323 (5th Cir.), *cert. denied,* --- U.S. ----, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

It is clear that Jaques was on notice that his failure to comply with the court's discovery orders could result in the imposition of fees and costs, and there is no evidence that O'Neill was remotely at fault for Jaques' failure to comply with the court's express orders. Furthermore, pursuant to the procedural requirements of Rule 37, Jaques' was provided with an opportunity to be heard concerning his failure to comply with the court's discovery order prior to being sanctioned.[2] A review of the district court's order imposing sanctions indicates that Jaques either refused to comply with or

---

[2]During the Rule 16 scheduling conference conducted on January 4, 1995, the district court posed the following question to plaintiff's counsel, who was appearing on behalf of Jaques':

> The court: First of all, do you know, sir, based on your communication with primary counsel in this case why no meeting has been conducted to undertake the Rule 26 obligations that are mandatory in litigation before this Court?

completely ignored the district court's orders ordering Jaques to: (1) prepare and file a joint report for a discovery and case management plan, and (2) attend the Rule 16 scheduling conference held on January 4, 1995. Jaques' blatant disregard of the district court's express orders is the type of conduct which Rule 37 sanctions were designed to address. The sanctions imposed on Jaques were severe, but we cannot say that the district court abused its discretion when it followed the plain language of Rule 37 and sanctioned Jaques.

## CONCLUSION

Having considered O'Neill's additional points of error and finding that they have no merit, we hold that the district court did not abuse its discretion when it dismissed this action and imposed attorney's fees on Jaques. AFFIRMED.