# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20574

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2015

Lyle W. Cayce
Clerk

ROLANDO SERNA,

Plaintiff–Appellee,

v.

LAW OFFICE OF JOSEPH ONWUTEAKA, P.C.; JOSEPH ONWUTEAKA;
SAMARA PORTFOLIO MANAGEMENT, L.L.C.,

Defendants–Appellants.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-3034

Before CLEMENT, PRADO, and ELROD, Circuit Judges.

PER CURIAM:*

Defendants–Appellants Joseph Onwuteaka, the Law Office of Joseph
Onwuteaka, P.C., and Samara Portfolio Management, L.L.C. (collectively
"Onwuteaka") appeal the district court's award of summary judgment and
attorney's fees in favor of Plaintiff–Appellee Rolando Serna in an action
arising under the Fair Debt Collection Practices Act (FDCPA). We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-20574

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case centers on a debt-collection lawsuit filed by Onwuteaka against Serna in a distant venue contrary to the mandates of the FDCPA, 15 U.S.C. § 1692i(a)(2).

In June 2008, Serna electronically signed a promissory note with First Bank of Delaware for a loan of $2,525.00. The note provides that "[t]his Agreement is entered into . . . in Delaware," and at the time of contracting, Serna resided in San Antonio, Bexar County, Texas. According to a sworn affidavit, Serna entered into the loan "primarily for [his] own personal, family or household purposes."

After Serna defaulted, Onwuteaka acquired the loan through his debt-collection company, Samara Portfolio Management, L.L.C., and sought to collect the debt through his law firm, the Law Office of Joseph Onwuteaka, P.C. In July 2010, four months after Onwuteaka first sent Serna a demand for payment, Onwuteaka sued Serna for breach of contract in a Harris County, Texas Justice of the Peace Court. The petition names Serna as the defendant and states that he may be served with process at 826 Saddlebrook Drive, San Antonio, Texas 78245—the same Bexar County address listed in Serna's original loan contract. Onwuteaka requested issuance of a citation on Serna at this address, and although Serna was successfully served with process in Bexar County, he made no appearance in the Harris County court. Onwuteaka moved for default judgment and secured an award of $2,600.00 in damages, $1,500.00 in attorney's fees, and $34.00 in court costs.

Onwuteaka then began attempts to collect on the Harris County default judgment via garnishment. Several months later, Serna filed suit in federal court against Onwuteaka for violations of the FDCPA and the Texas Deceptive Trade Practices Act (DTPA). Onwuteaka answered, raising a litany

of affirmative defenses, and counterclaimed that Serna's suit was frivolous and brought in bad faith.[1]

## A.     The First Summary Judgment and Appeal

The parties agreed to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and both parties moved for summary judgment.[2] Onwuteaka filed his first motion, resting solely on the statute of limitations, in January 2012. After the agreed discovery deadline lapsed in April 2012—with neither party having deposed Serna or filed any motions to compel discovery—Onwuteaka filed his second motion for summary judgment. Onwuteaka contended that Serna's suit constituted an impermissible collateral attack on the state-court judgment; that Serna's claim qualified as a compulsory counterclaim that he waived by failing to assert it in the Harris County court; and that the suit was barred by the terms of the promissory note, which provided for a "Waiver of Venue and the Right to file suit" and designated arbitration as the exclusive means of dispute resolution.[3] Serna, in turn, asserted that there was no genuine dispute of material fact on any element of his affirmative claims under the FDCPA, and that none of Onwuteaka's affirmative defenses had merit.

---

[1] Specifically, Onwuteaka asserted eight affirmative defenses: (1) the statute of limitations; (2) "the doctrine of compulsory counterclaim"; (3) "the doctrine of election of remedies"; (4) "estoppel[] and/or collateral estoppel"; (5) qualified immunity; (6) "lack of intent and/or bona fide error on the part of defendants"; (7) res judicata; and (8) "the doctrine of waiver." Although Onwuteaka listed a claim for "offsets and credits for the judgment against [plaintiff]" as an affirmative defense, the district court concluded that this request for relief "is more properly cast as a counterclaim."

[2] Serna voluntarily moved to dismiss the DTPA claims before the district court ruled on the cross-motions for summary judgment.

[3] Onwuteaka's entire argument on the arbitration issue comprised two sentences: "Plaintiff also[] elected Arbitration as the forum to resolve any dispute, and thus is barred by the doctrine[] of election of remedies. (See Exhibit 'A', Pages 3–4). The Court should grant summary judgment for defendants or at a minimum[] refer the case to Arbitration." Although Onwuteaka appended a copy of the promissory note to his motion, he inexplicably omitted three pages—including the pages referenced in the motion itself, which contained the arbitration clause—from his filing.

No. 14-20574

The magistrate granted summary judgment to Onwuteaka on Serna's FDCPA claims, concluding that the suit was barred by the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k(d), and to Serna on Onwuteaka's counterclaim. On appeal, this Court held that Serna's suit was in fact timely under § 1692k(d). *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 450 (5th Cir. 2013). We did not pass judgment on any other issue in the case.

## B.    The Second Summary Judgment

Following remand, the magistrate indicated that it would reexamine Serna's motion for summary judgment. Because Onwuteaka originally had filed no opposition to Serna's motion,[4] the magistrate permitted Onwuteaka to file a response. Onwuteaka's response consisted of six paragraphs. He objected to Serna's motion as "conclusionary [sic] as to all defendants" and to Serna's declaration as unsigned and "conclusionary"; he argued that Serna "failed to carry his burden" to adduce "evidence of where the contract made the basis of the underlying suit was signed" and was unresponsive to discovery seeking such evidence; he invoked the bona fide error defense of 15 U.S.C. § 1692k(c); and he averred that Serna concededly had suffered no damages as a result of Onwuteaka's conduct. Onwuteaka attached two exhibits to his response: excerpts from Serna's responses to his interrogatories and requests for admission, which purportedly showed the deficiency of Serna's discovery responses as well as his admission of no damages, and a series of documents demonstrating that Serna had multiple addresses of record—albeit none in Harris County.[5] Onwuteaka's response

---

[4] Onwuteaka's sole responsive filing before the district court issued its ruling was a motion styled "Motion for More Definite Statement and/or Special Exceptions to Plaintiff's Motion for Summary Judgment." In response, Serna filed a supplemental brief containing corrected declarations by Serna and counsel.

[5] Two of Serna's addresses were in San Antonio, which is within Bexar County, and the third address was in Laredo, which is within Webb County.

made no reference to the arbitration clause, the claim for "offsets and credits," or the statute of limitations.

The magistrate held a hearing on Serna's motion in December 2013. The day after the hearing, Onwuteaka moved for leave to supplement his summary judgment response in order to "clarify" his bona fide error defense. He included a computer printout that appears to track the status of Serna's loan, as well as a sworn statement describing both his reasons for filing suit in Harris County and the procedures his office maintains to avoid violating the FDCPA's distant-venue provision. The magistrate denied the motion as untimely and noncompliant with local rules.

In January 2014, the magistrate granted summary judgment to Serna by written order. Although Serna admitted that he had sustained no actual damages, he sought—and the magistrate awarded—the maximum amount of statutory damages ($1,000.00), in addition to reasonable costs and attorney's fees. Onwuteaka moved for reconsideration, citing the inadequacy of Serna's declaration to prove "consumer" status under the FDCPA, his entitlement to offsets and credits, and his invocation of the bona fide error defense. The magistrate denied the motion "[b]ecause the Court's Order Granting Summary Judgment has already addressed the arguments raised by the Defendants."

## C.    The Attorney's Fees Award

Serna next moved for attorney's fees and costs, appending declarations by counsel and itemized billing records. Onwuteaka objected to the motion, moved to strike "plaintiff's attorney's fees claim and/or his experts" for failure to designate expert witnesses and list attorney's fees as an element of damages in discovery, and requested a hearing on the motion. Although the magistrate overruled Onwuteaka's objections, it held a hearing on attorney's fees in which both Onwuteaka and Serna's counsel testified, and Onwuteaka examined Serna's counsel as an adverse witness. Both parties orally moved to

No. 14-20574

designate their attorney's fees experts at the close of the hearing, and both parties filed supplemental briefing after the hearing.[6] Applying the Fifth Circuit's two-step lodestar framework, the district court found, over Onwuteaka's objections, that Serna's counsel was entitled to $72,133.50 in fees and $939.95 for costs.

Following the entry of final judgment, Onwuteaka filed a motion styled "Motion for Rehearing and/or for New Trial." Onwuteaka made four arguments: (1) the magistrate erred in overruling Onwuteaka's objection to Serna's motion for attorney's fees because Serna stated, in response to a request for admission, that "he has no document that shows the damages he has suffered"; (2) Serna "waived his right" to litigation due to the arbitration clause in the promissory note, and the magistrate erroneously concluded in its summary judgment order that the note contained no such clause; (3) the magistrate "erred in failing to find that there was no evidence of the judicial district where [Serna] signed the promissory note"; and (4) the magistrate "erred in failing to find that 'bring an action' under Section 1692i(a)(2) is the same as 'may be brought' under Section 1692k(d) . . . [and] [t]hus, the statute of limitations started to run upon filing of the underlying lawsuit." The magistrate summarily denied the motion. This appeal followed.

## II. JURISDICTION

The district court had federal question jurisdiction over Serna's FDCPA claims pursuant to 28 U.S.C. § 1331 and had supplemental jurisdiction over Serna's DTPA claims pursuant to 28 U.S.C. § 1367. We have jurisdiction to review the district court's final judgment pursuant to 28 U.S.C. § 1291.

---

[6] Onwuteaka filed both a motion for reconsideration of his objections and a memorandum opposing Serna's fee request.

No. 14-20574

## III. DISCUSSION

Onwuteaka purports to raise seven claims of error. Six of these claims pertain to the grant of summary judgment in favor of Serna, and the remaining claim pertains to the award of attorney's fees. We group these claims accordingly and discuss each in turn.

Additionally, because Onwuteaka's brief is often conclusory and lacking in citations to binding authority, we deem it appropriate to review our standards for adequate briefing before proceeding to the merits of Onwuteaka's claims. Federal Rule of Appellate Procedure 28(a) obligates an appellant to "identify[] the rulings presented for review, with appropriate references to the record," and requires that the appellant's argument contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and . . . for each issue, a concise statement of the applicable standard of review." Fed. R. App. P. 28(a)(6), (8). In *United States v. Scroggins*, we summarized our precedents applying Rule 28:

> A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it. It is not enough to merely mention or allude to a legal theory. We have often stated that a party must "press" its claims. At the very least, this means clearly identifying a theory as a proposed basis for deciding the case—merely intimat[ing] an argument is not the same as "pressing" it. In addition, among other requirements to properly raise an argument, a party must ordinarily identify the relevant legal standards and any relevant Fifth Circuit Cases.

599 F.3d 433, 446–47 (5th Cir. 2010) (citations and internal quotation marks omitted). With these principles in mind, we turn to Onwuteaka's arguments.

## A.     The Summary Judgment for Serna on the FDCPA Claims

We review the "grant of summary judgment *de novo*, applying the same legal standards as the district court." *Am. Home Assurance Co. v. United Space*

*Alliance, LLC*, 378 F.3d 482, 486 (5th Cir. 2004). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Like the district court, we construe all facts and evidence in the light most favorable to the nonmovant, and we refrain from making credibility determinations and weighing the evidence. *Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013).

Onwuteaka's objections to summary judgment fit into two broad categories: challenges to the evidence supporting Serna's prima facie case and arguments on the merits of Onwuteaka's affirmative defenses.

### 1.    *Serna's Prima Facie Case*

Onwuteaka first asserts that there was insufficient evidence on two of the four elements of Serna's prima facie FDCPA case to support the grant of summary judgment. To make out a claim for venue abuse under the FDCPA, Serna must show that (1) Onwuteaka is a "debt collector"; (2) Onwuteaka brought "a legal action on a debt"; (3) Serna is a "consumer," meaning that he is "obligated to pay [a] debt" incurred "primarily for personal, family, or household purposes"; and (4) Onwuteaka's debt-collection suit was not brought in a venue "in which [Serna] signed the contract sued upon" or "in which [Serna] reside[d] at the commencement of the action." 15 U.S.C. §§ 1692a, 1692i, 1692k. Onwuteaka challenges only Serna's evidence on the third and fourth elements.

"When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at

trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995) (per curiam). The movant discharges this burden by making out "a prima facie case that would entitle [it] to judgment as a matter of law if uncontroverted at trial." 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2727 (3d ed. 2015); *accord Anderson*, 477 U.S. at 250 ("[T]his standard mirrors the standard for a directed verdict under [Rule 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict."). If the movant succeeds, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Id.* (citations and internal quotation marks omitted). To the contrary, the nonmovant must not only "identify specific evidence in the record," but also "articulate the 'precise manner' in which that evidence support[s] their [position]." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (first alteration in original) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

Moreover, "[t]his court has regularly reminded litigants that 'Rule 56 does not impose upon the district court [or the court of appeals] a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Id.* (second alteration in original) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

With regard to the third element—Serna's consumer status—Serna presented a sworn declaration stating, "I entered into a contract with First Bank of Delaware primarily for my own personal, family or household purposes." Onwuteaka objected to this declaration as "consist[ing] of conclusionary statements that are not proper summary judgment evidence,"

but he cited no law to support his argument. Although Onwuteaka continued to press his objection at the hearing on Serna's motion, he still cited no authority for the proposition that Serna's declaration was not competent summary judgment evidence; instead, he contended that Serna's discovery responses were inadequate and affirmed that he wanted to take Serna's deposition. The magistrate overruled Onwuteaka's objection, noting that Onwuteaka not only had failed to adduce legal support for his argument,[7] but also had neglected to depose Serna or to compel responses before the close of discovery. Further, the magistrate noted that Onwuteaka had neither disputed the declaration's veracity nor presented any contrary summary judgment evidence. Before this Court, Onwuteaka reurges his argument that Serna's declaration was devoid of cognizable evidence and therefore could not support the entry of judgment below.

We disagree and hold that Serna discharged his burden on summary judgment to present evidence establishing his consumer status.[8] This Court has recognized that, as a general matter, "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985). However, we cannot say that the statements in Serna's declaration fall into these categories, and Onwuteaka gives us no legal basis to so conclude. As a

---

[7] Onwuteaka's first citation to authority appeared in his motion for reconsideration. There, Onwuteaka cited three out-of-circuit cases to urge the magistrate to "disregard or strike Serna's declaration" for containing only inadmissible "factual conclusion[s]." Before this Court, Onwuteaka cites two cases: *Warfield v. Byron*, 436 F.3d 551, 556 (5th Cir. 2006), which addresses a Rule 60(b) motion; and *Garrett v. Hewlett–Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002), which discusses the recitation of facts on review of summary judgment and quotes *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995), for the standards to *oppose* summary judgment.

[8] Onwuteaka makes no effort to identify or argue the standards applicable to the district court's decision to overrule his objection. Accordingly, we deem any such argument waived as inadequately briefed. *See Scroggins*, 599 F.3d at 446–47.

preliminary matter, Serna based his declaration on his own personal knowledge concerning the reasons for the loan—a subject plainly within his competence. *See* Fed. R. Civ. P. 56(c)(4). Aside from citing Rule 56(c)(4), Onwuteaka makes no argument as to why Serna's statements would be inadmissible at trial. To the contrary, while "consumer status" may be a legal conclusion, that one procured a loan "for personal, family or household purposes" is a statement of fact offered in support of that ultimate conclusion. This sets Serna's declaration apart from the affidavits we have found insufficient to support summary judgment. *Cf. Galindo*, 754 F.2d at 1221–22 (listing examples of impermissibly conclusory averments, including a bare allegation that an employee was "acting within [the] scope of employment," and noting that such statements implicate matters subject to a totality-of-the-circumstances analysis). Although Serna's declaration could have been more specific about the uses to which he intended to put the loan, this alone is not enough to render the evidence unacceptably conclusory or inadmissible.

Moreover, as Serna points out, there is other evidence in the summary judgment record that the loan was for personal, rather than business, purposes. For instance, the loan was for a small amount ($2,600.00) and was deposited directly into Serna's personal bank account. In addition, Serna swore in response to an interrogatory that he owned no businesses during the relevant time period. Accordingly, Serna discharged his initial burden to make out a prima facie showing of the element of consumer status, *see Anderson*, 477 U.S. at 250, and the burden shifted to Onwuteaka to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial," *Little*, 37 F.3d at 1075. This Onwuteaka concededly could not do.

As to the fourth element—improper venue—Serna cites the loan contract, his sworn declaration, and Onwuteaka's own litigation documents to show that Harris County was a distant venue for a debt-collection suit

11

within the meaning of the FDCPA. The loan contract provides that "[t]his Agreement is entered into between you and me in Delaware," and Serna's sworn declaration and the litigation records reflect that Serna resided in San Antonio both when he signed the contract and when Onwuteaka commenced the Harris County action. Onwuteaka identifies no contrary evidence, electing instead to challenge Serna's showing. He makes three arguments: first, "there is no contract with Serna's physical signature"; second, Serna's residence is "at best speculative if not unknown"; and third, Serna's evidence was "self-serving" and conclusory.

Onwuteaka's arguments are unavailing. The absence of a physical contract bearing Serna's signature is immaterial, as there is no dispute that the parties entered the contract electronically. *See Anderson*, 477 U.S. at 248. Although Serna may have had multiple addresses of record, none were in Harris County.[9] Moreover, Serna presented uncontroverted evidence— including Onwuteaka's own pleadings—that he lived in San Antonio on the date listed in the contract and the date Onwuteaka initiated legal proceedings in Harris County. To the extent that Onwuteaka complains that Serna's nonresponsive discovery obstructed his efforts to elicit evidence concerning Serna's precise physical location at the operative times, the proper course would have been to file a motion to defer ruling pending additional discovery under Rule 56(d).[10] Lastly, it is unclear how evidence of one's address can be so "self-serving" and conclusory as to fall outside the realm of summary judgment-competent evidence.

---

[9] *See supra* note 5 and accompanying text.

[10] Onwuteaka filed no such motion. Even assuming arguendo that Onwuteaka's statements at the motion hearing indicating his desire to depose Serna could be construed as an oral motion under Rule 56(d), Onwuteaka makes no argument on appeal that the district court abused its discretion by refusing to permit additional discovery. Therefore, we do not consider this issue. *See Scroggins*, 599 F.3d at 446–47.

In sum, Serna discharged his burden on summary judgment to point to evidence of an improper venue that, if uncontroverted, would entitle him to a directed verdict. *See id.* at 250. Onwuteaka did not, in turn, "identify specific evidence in the record" showing a genuine issue for trial, *Willis*, 749 F.3d at 317; to the contrary, his response, at best, points to only "metaphysical doubt as to the material facts," *Little*, 37 F.3d at 1075. We therefore agree with the district court that there was no genuine dispute of material fact as to each element of Serna's FDCPA case and that Serna was entitled to judgment as a matter of law.

## 2.     *Onwuteaka's Affirmative Defenses and Counterclaim*

Onwuteaka raised nine affirmative defenses in his answer to Serna's suit. The magistrate found no merit in any of these claims, and only four are at issue in this appeal: the affirmative defenses of waiver, bona fide error, and limitations, and the counterclaim for offsets and credits.

As before, we review the district court's ruling de novo. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074–75 (5th Cir. 1997). The familiar summary judgment burden-shifting scheme "does not vary where [the movant] is the plaintiff challenging [the nonmovant's] affirmative defense"; because the nonmovant "bears the ultimate burden of persuasion at trial on its [affirmative defense], it must (provided [the movant] has met its summary judgment burden) present admissible evidence legally sufficient to sustain a finding favorable to [it] on each element of that defense." *Id.* at 1074. Correspondingly, the movant "should be able to obtain summary judgment simply by disproving the existence of any essential element of the opposing party's claim or affirmative defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

### a.    *Waiver*

Onwuteaka first contends that Serna "waived his right to this suit by agreeing to arbitration." The parties do not dispute that the loan contract between Serna and First Bank of Delaware contains an arbitration clause. They disagree, however, on whether Onwuteaka waived any right to arbitration by neglecting to move to compel arbitration and by invoking the judicial process to Serna's detriment or prejudice. We need not resolve this dispute, as we conclude that Onwuteaka has waived this claim of error through inadequate briefing. The entirety of Onwuteaka's briefing on arbitration comprises five sentences, with one citation—to a 1943 decision by the Eastland Court of Civil Appeals that defines waiver—and no reference to the exact text of the clause. He makes no argument that the arbitration clause covers Serna's FDCPA claim—an issue that the district court had no occasion to pass on because Onwuteaka never moved to compel arbitration nor even consistently invoked the clause. As a result, this issue is waived. *See Scroggins*, 599 F.3d at 446–47; *see also XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008) ("To preserve an argument, it must be raised to such a degree that the trial court may rule on it." (internal quotation marks omitted)).

### b.    *Bona Fide Error*

Onwuteaka next asserts that the district court erroneously denied his statutory affirmative defense of bona fide error. The FDCPA provides that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Onwuteaka's sole argument on appeal is that he was entitled to this defense because he made an "unintentional

error[] of law." Citing § 1692n ("Relation to State Laws"), Onwuteaka contends that because the Texas Finance Code and the DTPA "afford a consumer more protection than [the] FDCPA," Texas Rule of Civil Procedure 502.4(c), which authorizes the filing of a lawsuit in the county of the plaintiff's residence when the defendant's residence is unknown, "should not be pre-empted by the FDCPA."

Onwuteaka's argument is not only meritless, but frivolous and sanctionable. Onwuteaka's sole authorities for the premise that mistakes of law qualify for the bona fide error defense are *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 538 F.3d 469 (6th Cir. 2008), and *Taylor v. Luper, Sheriff & Niedenthal Co., L.P.A.*, 74 F. Supp. 2d 761 (S.D. Ohio 1999). The Supreme Court granted certiorari in *Jerman* and ultimately reversed the Sixth Circuit on precisely this point. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1624–25 (2010) (holding that "the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute" and reversing the contrary judgment of the court of appeals). Despite including outdated subsequent history in his citation indicating that the Supreme Court had granted certiorari in *Jerman*, Onwuteaka retained this citation and presented the Sixth Circuit's now-rejected original holding to this Court as valid law. *Taylor*, for its part, predates both opinions in *Jerman*, and it pertains to a mistake about the requirements of state law rather than about the requirements of the FDCPA itself. *Taylor*, 74 F. Supp. 2d at 765.

Even assuming arguendo that Onwuteaka intends to assert a mistake of state law—an issue on which the Supreme Court expressly reserved judgment in *Jerman*, 130 S. Ct. at 1610 n.4—his argument is unpersuasive. Not only does his mistake ultimately turn on the unambiguous venue requirements of

the FDCPA, but the summary judgment evidence reflects that Onwuteaka *was* aware of Serna's residence in San Antonio by the time he filed suit. Indeed, the magistrate held that Onwuteaka's proffered evidence in opposition to summary judgment actually undermined his defense by establishing that "he filed a debt collection suit against Serna in Harris County without any reason to believe that Serna signed the promissory note in Harris County or that Serna resided in Harris County," and despite the fact that "all of the evidence available to Onwuteaka showed that Serna did not reside in Harris County."[11] To the extent that Serna first presented the magistrate with these arguments concerning the dearth of evidence to support the bona fide error defense, he discharged his summary judgment burden and thereby placed the onus on Onwuteaka to "present admissible evidence legally sufficient to sustain a finding favorable to [him] on each element of that defense," *Exxon Corp.*, 409 F.3d at 1074. For the reasons just explained, Onwuteaka was unable to surmount this obstacle in the district court, and he presents no meritorious argument to the contrary on appeal.

### c.    *Statute of Limitations*

Onwuteaka attempts to circumvent this Court's ruling in the first appeal that Serna's suit was timely, *Serna,* 732 F.3d at 449–50, by raising a new legal argument concerning the meaning of the phrase "may be brought" in § 1692k(d). We need not dwell on this argument further, as it is plainly foreclosed by the law-of-the-case doctrine and the related doctrine of waiver. *See Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (explaining that "[t]he law-of-the-case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same

---

[11] Further, the magistrate denied Onwuteaka's motion for leave to supplement the record with an affidavit bolstering his defense, and Onwuteaka does not contest this ruling on appeal.

issue in subsequent stages in the same case" and observing that "this rule . . . is qualified by the waiver doctrine, which holds that an issue that could have been but was *not* raised on appeal is forfeited and may not be revisited by the district court on remand" (internal quotation marks omitted)).

### d. *Offsets and Credits*

Lastly, Onwuteaka avers that the district court erred in denying his counterclaim for offsets and credits, which he originally cast as an affirmative defense.[12] The magistrate held that no authority supported Onwuteaka's request that the state-court default judgment "be balanced against the statutory award granted to Serna in this case." Onwuteaka does not now point to any authority on which the district court could have enforced the state-court judgment. To the contrary, two of the three cases he cites center on offsets or "setoffs" in bankruptcy, *see NVF Co. v. New Castle Cnty.*, 276 B.R. 340, 348 (D. Del. 2002); *Zerodec Megacorp, Inc. v. Terstep of Tex., Inc.* (*In re Zerodec Megacorp, Inc.*), 60 B.R. 884, 886–87 (E.D. Pa. 1985), and the remaining case pertains to the Consumer Leasing Act, *see Kedziora v. Citicorp. Nat'l Servs., Inc.*, 901 F. Supp. 1321, 1331–32 (N.D. Ill. 1995). Insofar as Onwuteaka has neglected to make any legal argument that he was entitled to an offset—rather than simply contending in general terms that a defensive offset qualifies as a permissive counterclaim and does not require an independent jurisdictional basis—we hold that he has waived this claim through inadequate briefing. *See Scroggins*, 599 F.3d at 446–47.

As Onwuteaka has failed to identify a genuine dispute of material fact on any of the elements of Serna's prima facie case, and has been unable to

---

[12] Notably, Onwuteaka's briefing characterizes the request for offsets and credits as a permissive counterclaim rather than an affirmative defense. This Court has not decided whether setoff is a defense in an FDCPA action, and this appears to be an unsettled legal question in other circuits as well, *see Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809, at *9 (N.D. Cal. Aug. 19, 2014).

present legally sufficient evidence to sustain his defenses, we find no reversible error in the district court's grant of summary judgment to Serna.

**B.    The Award of Attorney's Fees and Costs to Serna**

"A district court's determination of attorneys' fees is reviewed for abuse of discretion, and the findings of fact supporting the award are reviewed for clear error." *Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013) (internal quotation marks omitted). In this Circuit, attorney's fees are calculated using the two-step lodestar method. *Id.* at 502. First, the court calculates the lodestar "by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id.* "Determinations of hours and rates are questions of fact." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (per curiam). Second, once the court has ascertained the lodestar, it may "enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth" in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). *Black*, 732 F.3d at 502 (internal quotation marks omitted). Adjustments to the lodestar are reviewed for abuse of discretion, and we "inspect the district court's lodestar analysis only to determine if the court sufficiently *considered* the appropriate criteria." *La. Power & Light Co.*, 50 F.3d at 329.

After soliciting billing records and receiving testimony at a hearing, the magistrate calculated the lodestar to be $72,133.50. This was the product of "reasonable hourly rates" of $250 and $300 for Serna's attorneys and roughly 246 hours reasonably spent prosecuting the case (including a 10% reduction on the 273 hours claimed by counsel, based on a lack of evidence of billing judgment). The magistrate declined Serna's request for an enhancement to the lodestar amount, and it rejected Onwuteaka's challenges to the same.

18

No. 14-20574

Before this Court, Onwuteaka advances five challenges to the attorney's-fees award. First, he contends that Serna's expert witnesses—his attorneys—should have been excluded under Federal Rule of Civil Procedure 37 because Serna failed timely to disclose these witnesses in violation of Rule 26. Although Onwuteaka objected to the late designation of experts and filed a motion to strike, the magistrate overruled Onwuteaka's objection, reasoning that attorney's-fee experts are treated differently from subject-matter experts and that Onwuteaka suffered neither surprise nor prejudice. Onwuteaka makes no attempt to argue that the no-surprise-or-prejudice finding was clearly erroneous, *see O'Neill v. AGWI Lines*, 74 F.3d 93, 95 (5th Cir. 1996), or that the magistrate's ruling constituted an abuse of discretion, *see Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990); *see also Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (noting that "district courts have 'wide latitude' in pretrial matters"). Our review of the record does not convince us otherwise.

Second, Onwuteaka asserts that Serna "failed to produce contemporaneous records to substantiate his claim for attorney's fees." As a preliminary matter, this Court has expressly held that "[f]ailing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours." *La. Power & Light Co.*, 50 F.3d at 325. Onwuteaka does not argue that the records Serna ultimately provided to the magistrate are inadequate to calculate the lodestar. Rather, his position seems to be that because Serna admitted in preliminary discovery that he had no records documenting his attorney's fees and he did not subsequently correct this admission, he remains bound by the original discovery response and could not later controvert it in the hearing.

19

We are not persuaded. The discovery Onwuteaka cites was conducted in 2012, at the outset of the litigation and fully two years before Serna won summary judgment. While Serna could have formally supplemented his original discovery responses to include his attorney's-fee records, Onwuteaka never brought these perceived deficiencies in discovery to the district court's attention before he moved to strike Serna's evidence at the attorney's-fee hearing. Moreover, by the day of the hearing, Onwuteaka had been in possession of Serna's motion for fees and supporting documentation for thirty-nine days. Coupled with the evidence that Onwuteaka was on notice from the inception of the suit that Serna sought attorney's fees, the magistrate found that Onwuteaka was not prejudiced by any potential violation of Rules 26 and 37. Onwuteaka makes no claim that this finding was clearly erroneous or that the district court's ruling amounted to an abuse of discretion, *see O'Neill*, 74 F.3d at 95, and, as before, our review of the record is not to the contrary.

Third, Onwuteaka claims that the hourly rate determined by the magistrate is clearly erroneous in light of Serna's attorneys' conceded "lack of experience" in FDCPA matters. Onwuteaka's sole authority for this point is a Tenth Circuit case finding error in an award of fees based on counsel's billing rate rather than on the prevailing market rate. *See Beard v. Teska*, 31 F.3d 942, 956–57 (10th Cir. 1994), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). Onwuteaka's reliance on *Beard* is misplaced. Unlike in the district court in *Beard*, which summarily accepted counsel's billing rate without reference to market norms, 31 F.3d at 957, the magistrate here expressly found that the claimed hourly rates of $250 and $300 were reasonable for attorneys of counsel's skill and expertise practicing in the relevant region. The magistrate based this determination on affidavits submitted by counsel, "as well as the Court's own experience in the relevant community, case law[,] and

other authorities." Onwuteaka provides no reason to conclude that these particular findings were clearly erroneous, and we are not left with the requisite "definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985).

Fourth, Onwuteaka posits that the magistrate should not have awarded Serna attorney's fees for his successful previous appeal. Citing *Bode v. United States*, 919 F.2d 1044, 1052 (5th Cir. 1990), Onwuteaka states that his position on the limitations issue was "substantially justified," rendering him immune from an award of fees. But the substantially-justified standard applies only to litigation against the United States, not private defendants like Onwuteaka. *See id.*; *Herron v. Bowen*, 788 F.2d 1127, 1129 (5th Cir. 1986) (per curiam) (citing 28 U.S.C. § 2412(d)(1)(A)). Onwuteaka's only other argument about the award of fees for the previous appeal—that Serna's contract with counsel excludes appellate representation—is belied by the text of the representation agreement.[13] We reject this claim of error.

Finally, Onwuteaka avers in conclusory fashion that Serna "should [not] be entitled to attorney's fees given that he sustained no damages and that this was a fraudulent account." This argument ignores the critical fact that Serna was awarded statutory damages. *See Johnson v. Eaton*, 80 F.3d 148, 151 (5th Cir. 1996) ("The language of the statute places explicit conditions on . . . attorney's fees[,] which are only available where the plaintiff has succeeded in establishing that the defendant is liable for actual

---

[13] The agreement provides: "Client further agrees that TRLA is not obligated to provide services for an appeal of a determination in his or her case with which the Client is not satisfied. If any appeal is necessary or appropriate, TRLA will consider that question as a separate matter at the appropriate time."

*and/or* additional damages." (emphasis added)).[14] Moreover, insofar as this or any of Onwuteaka's other challenges can be interpreted as advocating further adjustments to the lodestar, we note that the district court considered all relevant *Johnson* factors—e.g., the attorney's skill, the customary fee in the community, the amount involved, and the results obtained—and thus did not abuse its discretion. *See La. Power & Light Co.*, 50 F.3d at 329–31.

We find no reversible error in Serna's attorney's-fee award.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment. In light of Onwuteaka's persistently deficient briefing and misrepresentation of legal authority, we tax the costs of this appeal against Onwuteaka consistent with Federal Rule of Appellate Procedure 39(a)(2).

---

[14] To the extent that Onwuteaka's argument can be construed as implicitly challenging *Johnson*, it is inadequately briefed and will not be considered further. *See Scroggins*, 599 F.3d at 446–47.