# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41071
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2018

Lyle W. Cayce
Clerk

SHIRLEY INFANTE,

Plaintiff - Appellee

v.

LAW OFFICE OF JOSEPH ONWUTEAKA, P.C.; JOSEPH ONWUTEAKA,
individually,

Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-324

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Joseph Onwuteaka is a lawyer and the sole owner of the Law Office of
Joseph Onwuteaka, P.C. He and his wife are the owners and managing
members of Samara Portfolio Management, L.L.C.[1] Until 2014, Samara was in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

[1] For the sake of simplicity, we refer to Onwuteaka and his firm collectively as
"Onwuteaka." We refer to the law firm separately as "Onwuteaka, P.C." We refer to Samara
Portfolio Management, L.L.C., as "Samara."

No. 17-41071

the business of buying debts and referring them to Onwuteaka for collection. Between 2008 and 2012, Onwuteaka filed nearly 2,000 cases on Samara's behalf—many against borrowers who lived far from the courthouse in Houston where he filed the lawsuits. So fecund a filer was he that the court even assigned Onwuteaka a "frequent filer" number.

Eventually, some of the defendants fought back, filing counterclaims alleging violations of state and federal consumer protection laws. In response, Onwuteaka would routinely dismiss Samara's claims. Many of the defendants in the collection cases would likewise drop their claims. But some persisted. Indeed, this is not our first encounter with Onwuteaka. In another case, we affirmed a judgment against him for violations of federal consumer protection laws, including an award of $1,000 in statutory damages and over $72,000 in fees and costs. *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 147-48, 150, 159 (5th Cir. 2015) (per curiam). In time, Onwuteaka caught the attention of the State of Texas. Texas ultimately secured a $25,000,000 judgment against him in state court, along with over $500,000 in attorneys' fees. *See Texas v. Samara Portfolio Mgmt., LLC*, No. 2013-35721 (80th Dist. Ct., Harris County, Tex. July 14, 2017).

## I.

With this background, we turn to the matter at hand. In June 2013, two weeks after Texas filed its lawsuit against Onwuteaka, Onwuteaka filed a lawsuit against Shirley Infante. Infante is a 64-year-old resident of Beaumont, Texas. Incensed that Onwuteaka would try to hale her into court in Houston, Infante enlisted the services of a legal aid organization. Roughly six months after Infante filed an answer in the state-court litigation, Onwuteaka nonsuited. Infante then sued Onwuteaka, Onwuteaka, P.C., and Samara in federal court, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. The defendants moved to dismiss, and

No. 17-41071

both parties moved for summary judgment. The district court denied the defendants' motions and granted summary judgment in Infante's favor. The court thereafter held a trial on damages and awarded the maximum of $1,000 in statutory damages.[2] *See* 15 U.S.C. § 1692k(2)(A). Onwuteaka appeals.[3]

## II.

"We review a grant of summary judgment de novo, applying the same standard as the district court." *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Onwuteaka raises four arguments on appeal. First, he argues that neither he nor his firm qualifies as a "debt collector" under the FDCPA. Second and third, he argues that two statutory exceptions to the "debt collector" definition apply. Fourth, he argues that there is insufficient evidence of a covered "debt." His arguments concerning the statutory exceptions have been forfeited on appeal. The rest lack merit. We consider each in turn.

## A.

Under the FDCPA, a "debt collector" is one whose "principal purpose . . . is the collection of any debts" or "who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This definition describes two types of debt collectors: those whose "principal purpose" is debt collection and those who "regularly collect" others'

---

[2] To date, two other district courts in this circuit have also awarded the statutory maximum in FDCPA cases brought against Onwuteaka. *Alaniz v. Law Office of Joseph Onwuteaka, P.C.*, No. 5:15-CV-00587, 2015 WL 13545188, at *3 (W.D. Tex. Dec. 4, 2015); *Serna v. Law Office of Joseph Onwuteaka*, PC, No. 4:11-CV-3034, 2014 WL 109402, at *10 (S.D. Tex. Jan. 10, 2014), *aff'd*, 614 F. App'x 146.

[3] Onwuteaka has represented himself in this litigation, just as he did in *Serna*. *See* 614 F. App'x at 147.

3

No. 17-41071

debts. *See Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997). A "creditor," by contrast, is "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).

While the dispositive motions in this case were pending, the Supreme Court held that debt purchasers who collect for their own accounts are not "debt collectors" under the "regularly collects" alternative. *See Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721-22 (2017). Recognizing that she had not pleaded the "principal purpose" alternative, Infante conceded that her complaint no longer stated a claim against Samara, at least not in its present form. Citing the potential for delay, she declined to seek leave to amend.

On appeal, Onwuteaka claims that he deserves "creditor" status by proxy. His argument (though only barely more elaborate than those he has forfeited) seems to run as follows: Samara owns the debts, Onwuteaka owns Samara, and therefore Onwuteaka owns the debts. According to this argument, because Onwuteaka owns the debts, he was not collecting *another's* debts and is therefore not a debt collector under the "regularly collects" alternative. Onwuteaka never clarifies why, in his view, that status should also extend to Onwuteaka, P.C. He seems simply to assume it should based on common ownership.

Onwuteaka's creditor-by-proxy argument lacks support in the law and defies logic. Under Texas law, Onwuteaka, his limited liability company, and his professional corporation are distinct legal personalities. *Spates v. Office of Att'y Gen., Child Support Div.*, 485 S.W.3d 546, 550-51 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (limited liability company); *Newman v. Toy*, 926 S.W.2d 629, 631 (Tex. App.—Austin 1996, writ denied) (professional corporations). Onwuteaka could have bought the debts himself. Instead, he decided to take advantage of the benefits of limited liability. *See Shook v.*

*Walden*, 368 S.W.3d 604, 613 n.10 (Tex. App.—Austin 2012, pet. denied). But he must accept the bitter with the sweet. Samara—not Onwuteaka or Onwuteaka, P.C.—owns the debt. *Cf.* Tex. Bus. Orgs. Code § 101.106 ("A member of a limited liability company . . . does not have an interest in any specific property of the company."). Thus, Onwuteaka was collecting "debts . . . asserted to be owed or due another," not himself. 15 U.S.C. § 1692a(6).

Indeed, the pre-suit demand letters Onwuteaka sent to Infante both represented that Samara Portfolio Management was Onwuteaka's "client." "[T]he term 'debt collector' in the Fair Debt Collection Practices Act applies to a lawyer who 'regularly,' through litigation, tries to collect consumer debts." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (emphasis removed) (citation omitted). As if to underscore the point, both of the demand letters state at the bottom (albeit in conspicuously small type): "This Is An Attempt to Collect A Debt By A Debt Collector." We reject Onwuteaka's argument that he is not a debt collector by virtue of a legally distinct entity's ownership of the debt.

**B.**

After defining "debt collector," the FDCPA lists a number of exceptions to that definition, two of which Onwuteaka tries to invoke. *See* 15 U.S.C. § 1692a(6)(A), (B). The entirety of Onwuteaka's argument for the exceptions spans two short sentences—sentences in which he not only misstates the exceptions, but also fails to explain why either applies to this case and to provide citations to the factual record. We have already chastised Onwuteaka for his "conclusory" and "deficient" briefing. 614 F. App'x at 151, 159. We also admonished him that in opposing summary judgment, he "must not only 'identify specific evidence in the record,' but also 'articulate the "precise manner" in which that evidence'" supports his position. *Id.* at 152 (quoting *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014)). This is because "Rule 56 does not impose upon the district court [or the court of appeals] a duty to

sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (alteration in original). Despite having already been sanctioned by this court for his "persistently deficient briefing and misrepresentation of legal authority," *id.* at 159, Onwuteaka once again asks this court to consider half-baked arguments devoid of legal citation or factual support. We again decline to do so.[4] *See id.* at 151-53 & n.8, 156-57, 159 n.14.

## C.

Finally, Onwuteaka argues that there is insufficient evidence of a covered "debt." Under the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

Onwuteaka's argument is difficult to follow because it merely recounts facts that have no obvious legal significance without explaining why they support his argument. *Cf. Serna*, 614 F. App'x at 152 (advising Onwuteaka that he must "articulate the 'precise manner' in which [the factual record] support[s]" his argument (quoting *Willis*, 749 F.3d at 317)). Onwuteaka explains that the complaint alleges that Infante bought two televisions from a Conn's store on an installment plan. But, significantly in Onwuteaka's view, Conn's Appliance, Inc., not Conn's, was the original creditor. Onwuteaka then highlights that Infante stipulated at the damages hearing that she did not produce any contract with Conn's Appliance, Inc., and that her testimony at the hearing provides no evidence of a relationship with the original creditor.

---

[4] Since filing this appeal, Onwuteaka has filed an appeal of the district court's post-judgment attorneys' fees award. *See Infante v. Law Office of Joseph Onwuteaka, P.C.*, No. 18-40231 (filed Mar. 16, 2018). He should carefully consider in that case whether his briefing adequately presents his arguments under our caselaw. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

No. 17-41071

According to Onwuteaka, it follows—as night the day—that Infante has failed to prove a debt.

His argument misses the mark. The FDCPA's definition of "debt" includes "any . . . *alleged* obligation." 15 U.S.C. § 1692a(5). It is undisputed that Onwuteaka sent two demand letters and filed a lawsuit alleging that Infante owed a debt to *Conn's Appliance, Inc.*, and demanding payment. Moreover, Infante produced two retail installment contracts with *Conn's Credit Corporation, Inc.* To the extent Onwuteaka is playing a semantic game, his argument is not well taken. Even assuming that Conn's Appliance, Inc., is not the original creditor, any error in identifying the original creditor is entirely of Onwuteaka's making. He failed to identify the original creditor correctly in his demand letters and state-court petition. Because the FDCPA covers alleged debts, *see* 15 U.S.C. § 1692a(5), his failure matters not a whit.

### III.

In sum, all of Onwuteaka's claims of error fail. We find no ground upon which to reverse the district court. For the foregoing reasons, we AFFIRM.